**EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,**
Plaintiff,

v.

**W & O, INC., d/b/a Rustic Inn, Defendant.**

No. 95–6138–CIV.

United States District Court,
S.D. Florida.

Sept. 2, 1998.

---

Harry O. Boreth, Glasser & Boreth, Plantation, FL, for W & O, INC.

### ORDER

GONZALEZ, District Judge.

This action comes before the Court upon Defendant's Motion to Alter or Amend the Judgment, filed April 16, 1998, upon Defendant's Renewed Motion for Judgment as a Matter of Law, or in the Alternative, Motion for New Trial, filed April 16, 1998, and upon Defendant's Motion to Set Aside Damage Award or for Remittur, filed April 16, 1998. All three motions have been fully briefed and are ripe for disposition.

On February 28, 1997, this Court granted summary judgment in favor of Plaintiff Equal Employment Opportunity Commission (EEOC) an the issue of Defendant's liability, finding that Defendant's pregnancy policy was facially discriminatory. Trial proceeded on the issue of damages only on February 2 and 3, 1998. At the conclusion of the two-day trial, the jury awarded back pay and punitive damages to the three women on whose behalf the EEOC prosecuted the action.

The EEOC moved for judgment, including injunctive relief, shortly after the trial. Upon full briefing of the EEOC's motions, this Court partially granted the motion for injunctive relief, as reflected in the Court's final judgment entered April 3, 1998. Defendant then filed the instant motions, seeking to alter or amend the final judgment in various respects, or in the alternative, for a new trial. Because Defendant argues many of the same points in all three motions, the Court will analyze the three motions together.

Defendant claims that Plaintiff should not be entitled to an award of punitive damages because Plaintiff did not request and the jury did not award compensatory or nominal damages. According to Defendant's argument, an award of compensatory or nominal damages is a prerequisite to an award of punitive damages in a Title VII action. In support of this argument, Defendant points to the First Circuit case of *Kerr–Selgas v. American Airlines*, 69 F.3d 1205 (1st Cir.1995), in which

the Court held that, in the circumstances of that action, a punitive damages award must be vacated absent either a compensatory damages award or a timely request for nominal damages. *Id.* at 1215.

Plaintiff, on the other hand, points to case law from the Seventh Circuit, holding that compensatory damages are not a prerequisite to a punitive award in a civil rights action. *See, e.g., Timm v. Progressive Steel Treating, Inc.,* 137 F.3d 1008 (7th Cir.1998); *Hennessy v. Penril Datacomm Networks, Inc.,* 69 F.3d 1344 (7th Cir.1995); *Paciorek v. Michigan Consolidated Gas Company,* 179 F.R.D. 216 (E.D.Mich.1998). Defendant argues that the Seventh Circuit case law should not be persuasive in the instant action because in the Seventh Circuit, back pay is considered compensatory damages, and therefore the circumstances in the Seventh Circuit cases are not analogous to those here.

■ The Court does not agree with Defendant's contention. As explained in *Paciorek,* the Seventh Circuit has predicated its finding of the lack of need for compensatory damages on the language of the Civil Rights statutes themselves. The Civil Rights Act of 1991 specifically states that a complaining party may recover punitive damages "if the complaining party demonstrates that the respondent engaged in a discriminatory practice or discriminatory practices with malice or with reckless indifference to the federally protected rights of an aggrieved individual." 42 U.S.C. § 1981a(b)(1). The statute says nothing of requiring compensatory damages in order to receive punitive damages.

This Court agrees with the Seventh Circuit's analysis. The existence of compensatory or nominal damages was not a prerequisite to an award of punitive damages against Defendant in this action.

Defendant next argues that Plaintiff has not demonstrated that Defendant acted with malice, reckless indifference, or callous disregard of the waitresses' federally protected rights, as required to support an award of punitive damages. In conjunction with this argument, the Court also considers Defendant's arguments that the punitive damages instruction was improper and that the instruction should not have been allowed into the jury room.

■ In order for the Court to grant a post-verdict judgment as a matter of law, the Court must find either that the jury's verdict is not supported by substantial evidence presented at trial, or that reasonable jurors could reach different conclusions. *See Zaklama v. Mt. Sinai Medical Center,* 842 F.2d 291 (11th Cir.1988). Defendant's primary argument is that its actions and policies regarding pregnant waitresses were the result of concern for the waitresses, not malice. In making this argument, Defendant neglects the fact that malice is not the sole basis for an award of punitive damages. Punitive damages may also be awarded as a result of reckless indifference or callous disregard for an individual's federally protected rights.

■ While Defendant may rightly argue that its alleged concern for the health and safety of the waitresses and customers precludes a finding of "callous" disregard, such an argument does not help Defendant on the subject of reckless indifference. Simply because Defendant may have been concerned about the health of a waitress does not mean that Defendant's policies did not exhibit a reckless disregard for that waitress's federally protected rights.

The Court further disagrees with Defendant's contention that the punitive damages instruction was improper, or that it should not have been allowed into the jury room. As given to the jurors, the instruction clearly stated that "[i]n addition to the claims for back pay already mentioned, you should also consider **whether** the Plaintiffs are entitled to recover punitive damages." (Emphasis added). That punitive damages were not compulsory was clear from the instruction. Likewise, the Court finds that Defendant suffered no prejudice by the Court allowing the instruction into the jury room during deliberations.

■ Defendant next argues that it should have been permitted to introduce evidence that Dr. Pescitelli did not sign the note that Barbara Neusse presented as his approval of her continued employment. Again, the Court finds Defendant's argument unpersuasive.

At the time of trial, the Court had already determined that the Rustic Inn's policy was

discriminatory. Whether or not Neusse's doctor's note was legitimate was irrelevant, especially in light of the fact that Neusse was affected by the discriminatory policy even after she had presented the note. In other words, the note had no effect on the enforcement of the policy. Therefore, whether or not the note itself was legitimate had no bearing on the damages due to Neusse and the other waitresses as a result of the discriminatory policy.

In Defendant's Motion to Alter or Amend Judgment, Defendant claims that the injunctive relief and Barbara Neusse's front pay should be deleted from the final judgment. The Court is not persuaded by any of Defendant's arguments in favor of such a deletion, and accordingly will not alter the judgment in those respects.

Finally, Defendant argues that the total punitive damages award should be limited to $100,000 for all three waitresses, rather than $100,000 each. The statute states that damages shall not exceed $100,000 "for each complaining party." 42 U.S.C. § 1981a(b)(3)(B). "Complaining party" is defined as the EEOC "or a person who may bring an action or proceeding under Title VII of the Civil Rights Act of 1964 (42 U.S.C. § 2000e *et seq.*)" 42 U.S.C. § 1981a(d)(1)(A).

▪ Defendant contends that the EEOC is the sole "complaining party" in the instant action. However, each of the three waitresses would have been entitled to bring an action or proceeding under Title VII. Even though, as Defendant argues, the waitresses could have intervened as parties but chose not to, the fact remains that each of them was a "person who may bring an action or proceeding under Title VII of the Civil Rights Act of 1964." In other words, each waitress may be considered a 'complaining party', and is entitled to the statutory maximum of $100,000.

Accordingly, having reviewed the motions and the record, and being otherwise duly advised, it is hereby **ORDERED AND ADJUDGED** that Defendant's Motion to Alter or Amend the Judgment, filed April 16, 1998, Defendant's Renewed Motion for Judgment as a Matter of Law, or in the Alternative, Motion for New Trial, filed April 16, 1998, and Defendant's Motion to Set Aside Dam-

age Award or for Remittur, filed April 16, 1998, are **DENIED.** The final judgment entered on April 3, 1998, remains the Order of this Court.