PUBLISH

**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**AUG 22 2001**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

**PATRICK FISHER**
**Clerk**

---

RANDY D. GRIFFIN,

        Plaintiff-Appellant,

v.

STEELTEK, INC., an Oklahoma
corporation,

        Defendant-Appellee.

No. 00-5174

---

**APPEAL FROM THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OKLAHOMA**
**(D.C. No. 97-CV-136-K)**

---

Submitted on the briefs:

Steven R. Hickman, OBA, Tulsa, Oklahoma, for Plaintiff-Appellant.

William S. Leach and Michael F. Smith, Rhodes, Hieronymus, Jones, Tucker &
Gable, P.L.L.C., Tulsa, Oklahoma, for Defendant-Appellee.

---

Before **SEYMOUR** and **McKAY** , Circuit Judges, and **BRORBY** , Senior Circuit
Judge.

---

**SEYMOUR** , Circuit Judge.

In this case a jury returned a verdict in favor of defendant-appellee

Steeltek, Inc., on plaintiff-appellant Randy D. Griffin's suit for damages alleging

violation of § 12112(d)(2)(A) of the Americans With Disabilities Act of 1991

("ADA"), 42 U.S.C. §§ 12101-12213. Mr. Griffin appeals from the district

court's order denying his post-trial motion for judgment as a matter of law on the

issue of nominal damages, denying his motion for new trial on the issue of

punitive damages, and denying his motion for attorney's fees brought pursuant to

42 U.S.C. § 12205. Our jurisdiction arises under 28 U.S.C. § 1291, and we

affirm. [1]

## I.

The relevant facts and proceedings are fully set out in the district court's

order of August 17, 2000, and in our previous opinion of *Griffin v. Steeltek, Inc.*,

160 F.3d 591 (10th Cir. 1998), and we need not repeat them here except when

necessary to discuss the issues. Mr. Griffin raises three issues on appeal:

(1) whether violation of § 12112(d)(2)(A)'s prohibition against asking

pre-employment questions regarding medical history or condition necessarily

constitutes a compensable injury that must, at a minimum, result in an award of

---

[1] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

nominal damages; (2) whether punitive damages may be awarded independently of an award of actual or nominal damages for this technical violation and should have been submitted for the jury's consideration; and (3) whether a nonprevailing plaintiff who has proved that an employer technically violated § 12112(d)(2)(A) but then discontinued the prohibited practice after suit was filed is entitled to attorney's fees and costs solely by virtue of that proof under a "catalyst for change" theory. We review the district court's legal conclusions on the first two issues de novo. *See Tyler v. RE/MAX Mountain States, Inc.*, 232 F.3d 808, 812 (10th Cir. 2000) (Rule 50(b) denial); *EEOC v. Wal-Mart Stores, Inc.*, 187 F.3d 1241, 1244 (10th Cir. 1999) (reviewing whether evidence in ADA case is sufficient to support punitive damages award de novo). We review the denial of attorney's fees for abuse of discretion. *See Urban ex rel. Urban v. Jefferson County Sch. Dist. R-1*, 89 F.3d 720, 728 (10th Cir. 1996). We answer all three questions in the negative.

## II.

We address Mr. Griffin's first two claims of error together, as they statutorily both hinge on a predicate requirement of injury through intentional discrimination. Steeltek asked two questions on its employment application: "Have you received Worker's Compensation or Disability Income payments? If yes, describe."and "Have you physical defects which preclude you from

-3-

performing certain jobs? If yes, describe." *Griffin* , 160 F.3d at 592; App. at 97. Mr. Griffin answered the first question, but not the second. App. at 97. Mr. Griffin alleges that he was entitled to an award of nominal damages as a matter of law and to a jury determination on the issue of punitive damages because the two prohibited questions undisputedly violate § 12112(d)(2)(A).

The district court found that "merely being ask[ed] the impermissible question is not sufficient, by itself, to inflict a cognizable injury." App. at 80. It then noted that the jury had concluded in a special interrogatory, on sufficient evidence, that Mr. Griffin had not suffered an injury as a result of being asked the questions. *Id.* The court held that, absent an injury, Mr. Griffin was not entitled to either nominal or punitive damages. *Id.* We agree.

Mr. Griffin's theory of the case, as presented to the jury, was twofold. First, he claimed that having to answer the prohibited questions caused him emotional and mental distress because he had filed worker's compensation claims that he would either have to reveal, perhaps to his detriment, or lie about. Second, he claimed that Steeltek actually discriminated against him by refusing to hire him because of his answer to (and/or failure to answer) the prohibited questions. Steeltek, however, presented testimony that the questions played no part in its hiring decision and that its hiring manager did not interview Mr. Griffin because the face of his application did not indicate that he had the requisite

experience to do the job. The manager also testified that he instead rehired an experienced individual who had been recently laid off after working for the company for two years and whom he had attempted to locate before running the ad to which Mr. Griffin had responded. On this evidence, the jury concluded that Mr. Griffin suffered no injury from being asked the prohibited questions. The jury thus rejected Mr. Griffin's claim of intentional discrimination.

Nominal damages are a token award, compensatory in nature. *Griffith v. Colorado*, 17 F.3d 1323,1327 (10th Cir. 1994). Compensatory damages are available under the ADA, however, only if the plaintiff establishes that the employer not only technically violated § 12112(d)(2)(A) by asking a prohibited question, but also that by doing so it actually "engaged in unlawful intentional discrimination." 42 U.S.C. § 1981a(a)(2); § 12117(a) (adopting the remedies available for violations of Title VII set out at 42 U.S.C. § 2000e-5); *see also Tice v. Ctr. Area Transp. Auth.*, 247 F.3d 506, 520 (3rd Cir. 2001) (holding that ADA claimant must present evidence of actual harm arising from technical violation of § 12112(d)); *Cossette v. Minn. Power & Light*, 188 F.3d 964, 971 (8th Cir. 1999) (holding that ADA claimant must establish a "tangible injury" caused by technical violation of § 12112(d) in order to recover compensatory damages); *Armstrong v. Turner Indus., Inc.*, 141 F.3d 554, 562 (5th Cir. 1998) (holding that "damages liability under § 12112(d)(2)(A) must be based on something more than

-5-

a mere violation of that provision"). For this reason, *Gudenkauf v. Stauffer Communications, Inc.*, 158 F.3d 1074 (10th Cir. 1998), and *Timm v. Progressive Steel Treating, Inc.*, 137 F.3d 1008 (7th Cir. 1998), on which Mr. Griffin relies, are distinguishable. In both cases, the plaintiffs proved impermissible discrimination and injury. *See Gudenkauf*, 158 F.3d at 1080; *Timm*, 137 F.3d at 1010.

Punitive damages require proof that the defendant engaged in "a discriminatory practice . . . with malice or with reckless indifference to the federally protected rights of an aggrieved individual," 42 U.S.C. § 1981a(b)(1), which the Supreme Court has interpreted as knowingly discriminating "'in the face of a perceived risk that its action will violate federal law.'" *Wal-Mart Stores*, 187 F.3d at 1245 (quoting *Kolstad v. Am. Dental Ass'n*, 527 U.S. 526, 536 (1999)). Because Mr. Griffin failed to establish injury by intentional discrimination, he was not entitled to an award of either nominal or punitive damages.

## III.

Mr. Griffin was entitled to attorney's fees and costs only if he was the prevailing party in his lawsuit. 42 U.S.C. § 12205. Clearly, he was not. The Supreme Court has recently held that a plaintiff who has failed to secure a judgment on the merits or by court-ordered consent decree in an ADA suit is not

entitled to attorney's fees even if the pursuit of litigation has caused a desired and voluntary change in the defendant's conduct. *Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health & Human Resources*, 121 S. Ct. 1835, 1838 & 1843 (2001). The district court therefore did not abuse its discretion in refusing to grant attorney's fees and costs to Mr. Griffin or in granting costs to Steeltek as the prevailing party. [2]

We AFFIRM the judgment of the United States District Court for the Northern District of Oklahoma.

---

[2] Mr. Griffin cites *Parham v. Southwestern Bell Telephone Co.*, 433 F.2d 421 (8th Cir. 1970), as authority for awarding attorney's fees under a "catalyst" theory. However, as the Supreme Court has pointed out, "*Parham* stands for the proposition that an enforceable judgment permits an award of attorney's fees." *Buckhannon Bd. & Care Home*, 121 S. Ct. at 1842 n.9. Mr. Griffin has no enforceable judgment on which to base attorney's fees, thus *Parham* affords him no aid.