**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JAN 22 2002**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

VICKI POWELL,

        Plaintiff-Appellant,

v.

COBE LABORATORIES, INC., a
corporation,

        Defendant-Appellee.

No. 01-1181
(D.C. No. 96-Z-2691)
(D. Colo.)

**ORDER AND JUDGMENT** *

Before **LUCERO** , **PORFILIO** , and **ANDERSON** , Circuit Judges.

After examining the briefs and appellate record, this panel has determined

unanimously to grant the parties' request for a decision on the briefs without oral

argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore

ordered submitted without oral argument.

---

\*    This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Plaintiff Vicki Powell appeals from the district court's order on punitive damages which followed our decision in a previous appeal in this case, *Powell v. COBE Laboratories, Inc.*, Nos. 98-1350, 98-1363, 2000 WL 235241 (10th Cir. Mar. 2, 1000). We affirm.

Powell sued COBE Laboratories, Inc., her former employer, alleging several state and federal causes of action.[1] After a jury awarded Powell back pay, compensatory damages, and punitive damages on her claim of gender discrimination in violation of Title VII, 42 U.S.C. § 2000e to 2000e-17, the district court granted COBE's motion for judgment as a matter of law and set aside the punitive damages award. Powell appealed to this court.

While the appeal was pending, the United States Supreme Court clarified the test used to determine whether punitive damages are appropriate in a particular Title VII case. *See Kolstad v. Am. Dental Ass'n*, 527 U.S. 526 (1999). We vacated the district court's decision on this issue and remanded the matter to the district court for an application of the *Kolstad* holding. *Powell*, 2000 WL 235241, at **10.

---

[1] The underlying facts of this case are set out in our previous unpublished order and judgment, which addressed appeal issues concerning the district court's dismissal of Ms. Powell's related state and federal claims, evidentiary rulings, reduction of the compensatory damage award, and denial of COBE's post-trial motion for a new trial.

In *Kolstad*, the Supreme Court recognized that Title VII provides that a plaintiff may recover punitive damages where the plaintiff demonstrates that the defendant "engaged in a discriminatory practice . . . *with malice or with reckless indifference to the federally protected rights of an aggrieved individual*." *Kolstad*, 527 U. S. at 534 (quoting 42 U.S.C. § 1981a(b)(1)) (emphasis in *Kolstad*). The Court determined that, in order to establish the requisite malice or reckless indifference, a plaintiff need not show that the defendant committed egregious or outrageous acts. Rather, a plaintiff need only demonstrate that the "employer . . . at least discriminate[d] in the face of a perceived risk that its actions will violate federal law." *Kolstad*, 527 U.S. at 536. Further, "in the punitive damages context, an employer may not be vicariously liable for the discriminatory employment decisions of managerial agents where those decisions are contrary to the employer's 'good faith efforts to comply with Title VII.'" *Id.* at 545 (quoting *Kolstad v. Am. Dental Ass'n*, 139 F.3d 958, 974 (D.C. Cir. 1998) (Tatel, J., dissenting)).

On remand, the district court properly stated the *Kolstad* test and reconsidered the relevant evidence. It concluded that there was no legally sufficient basis for a punitive damage award, in that (1) plaintiff failed to provide evidence that a jury could find that her supervisor acted with malicious or reckless indifference to a possible violation of Title VII and (2) defendant

-3-

demonstrated sufficient good-faith efforts to comply with Title VII. Accordingly, the court reaffirmed its order setting aside the punitive damage award.

A judgment as a matter of law is appropriate only if the "'evidence points but one way and is susceptible to no reasonable inferences supporting the party opposing the motion.'" *Baty v. Willamette Indus., Inc* ., 172 F.3d 1232, 1241 (10th Cir. 1999) (quoting *Mason v. Okla. Turnpike Auth* ., 115 F.3d 1442, 1450 (10th Cir. 1997)). We review de novo a district court's conclusion concerning the sufficiency of evidence to support a punitive damages award in an employment discrimination case. *Griffin v. Steeltek, Inc.* , 261 F.3d 1026, 1028 (10th Cir. 2001). We have examined the entire record on appeal, the parties' appellate briefs, and the citations of supplemental authority submitted by Powell on December 23, 2001. [2] We conclude that the district court did not err in striking the punitive damage award and AFFIRM the district court's ruling for substantially the same reasons as stated in its order dated April 6, 2000.

Entered for the Court

John C. Porfilio
Circuit Judge

---

[2] The record on appeal in this case incorporates the appellant's appendix from prior appeal Nos. 98-1350 and 98-1363.