**Stephen E. PAUL, M.D. and Mary Elizabeth Paul, h/w, Plaintiffs,**

v.

**The HEARST CORPORATION d/b/a Redbook Magazine and Robert Trebilcock, Defendants.**

**No. CIV.A. 3:CV–97–616.**

United States District Court, M.D. Pennsylvania.

Nov. 8, 2002.

Leslie Kart Gross, Fell & Spalding, Stephen R. Bolden, Fell & Spalding, Philadelphia, PA, for plaintiffs.

Mark R. Hornak, Buchanan Ingersoll Professional Corporation, Pittsburgh, PA, Jayson R. Wolfgang, Buchanan Ingersoll, PC, Jack M. Stover, Buchanan Ingersoll, Harrisburg, PA, Leonard H. MacPhee, Moye, Giles, O'Keefe, Vermeire & Gorrell, LLP, Denver, CO, for defendants.

## MEMORANDUM AND ORDER

KANE, District Judge.

Before this Court is Defendant Hearst Corporation's motion to dismiss Plaintiff Steven E. Paul's claim for punitive damages. The motion has been fully briefed, and oral argument was heard on May 16, 2002. For the reasons discussed below, the motion will be denied.

### I. Background

The background of this case has been well detailed in this Court's prior orders and in the December 27, 2001 opinion of the United States Court of Appeals for the Third Circuit, and therefore the recitation of facts here will be brief. Dr. Steven E. Paul was featured in a sidebar to an article in the May 1996 issue of Redbook Magazine entitled "Bad Medicine: The Doctors Who Could Cost You Your Life." This sidebar profiled six doctors, including Dr. Paul. Because of the article and the associated profile, Dr. Paul and his wife filed a suit for libel *per se* and false light in the Court of Common Pleas of Bradford County, Pennsylvania in March of 1997. Defendants Removed the action to this Court in April of 1997.

This Court bifurcated the proceedings, and held a trial to establish liability and both actual and presumed damages. A jury was to consider punitive damages in a second stage of trial, to be held only if appropriate. The proceedings are now at the start of that second stage. Prior to trial, the Court ruled that Dr. Paul is a private individual, and that the article touched upon matters of public concern. Therefore, in order to recover compensatory damages, Plaintiffs were required to establish actual malice by clear and convincing evidence. Plaintiffs met this burden. Following a three week trial, the jury found that Defendant Hearst published the libel with actual malice. The jury found no actual malice on the part of Defendant Trebilcock. However, the jury found that the *Redbook* article was not a substantial factor in causing injury to the Plaintiffs, and awarded no damages.[1] After the verdict sheet was published to the court, the jury was dismissed.

The day after the verdict, the Court held a telephone conference with counsel. At the conference, Plaintiffs' counsel asserted that the jury verdict entitled them to have their claim for punitive damages heard by a jury. Plaintiffs subsequently filed a motion requesting a trial on the bifurcated issue of punitive damages, and motions pursuant to Fed.R.Civ.P. 59 requesting a new trial limited to punitive and presumed damages. The Court denied these motions, finding, *inter alia*, that "because no finding on liability was returned in favor of Plaintiffs, they are not entitled to a trial on punitive damages." Aug. 3, 2000 Mem. and Order at 5 (Doc. No. 245).

Plaintiffs filed an appeal with the United States Court of Appeals for the Third Circuit. The Third Circuit considered two issues: (1) whether the Plaintiffs were entitled to a new trial on the issue of presumed damages; and (2) whether the Plaintiffs were entitled to a trial on punitive damages. The Third Circuit held that Plaintiffs already had a trial on presumed damages and lost. Dec. 27, 2001 Op. at 8 (Doc. No. 251). With respect to punitive

---

1. The Verdict sheet instructed the jury to stop if they found that the *Redbook* article was not a substantial factor in causing injury to the Plaintiffs. The only question concerning damages immediately followed the question of weather the article was a substantial factor in causing injury to the Plaintiff. Since the jury found that the article was not a substantial factor causing the Plaintiff's injuries, they never reached the question concerning damages.

damages, the Third Circuit held that under Pennsylvania law, "damage is not an essential element of the tort of libel and that nominal and punitive damages may thus be awarded where compensatory damages are not sought or are sought but not found by the trier of fact." *Id.* at 12. The Third Circuit thus found that punitive damages are potentially available to Plaintiffs in this case, and remanded the case to this Court with instructions to conduct proceedings consistent with the December 27, 2001 opinion.

Defendant now raises three issues in a motion to dismiss brought pursuant to Fed.R.Civ.P. 12(h)[2] or Fed.R.Civ.P. 50(a).[3] First, Defendant argues that even though the Plaintiff established actual malice, he did not set forth sufficient evidence to establish common law malice as required for plaintiffs seeking punitive damages. Second, Defendant argues that any punitive damage award would offend the due process provisions of the Fifth and the Fourteenth Amendments. Third, Defendant argues that an award of punitive damages absent an award of compensatory damages would violate the First Amendment protection of free speech. Plaintiffs assert that all of these arguments against a trial on punitive damages are barred by the law of the case doctrine.[4] Plaintiffs contend that Defendant was required to raise these arguments before the Third Circuit on appeal and Defendant's failure to do so prevents them from raising these arguments here. Plaintiffs' claims, however, are without merit as the law of the case rule applies "only to those issues that were decided by the appellate court." *Casey v. Planned Parenthood of S.E. Pa.*, 14 F.3d 848, 857 (3d Cir.1994). On remand, a district court "may consider, as a matter of first impression, those issues not expressly or implicitly disposed of by the appellate decision." *Bankers Trust Co. v. Bethlehem Steel Corp.*, 761 F.2d 943, 950 (3d Cir.1985). Particularly where constitutional issues have neither been argued before, nor decided by, the appellate court, a district court is not precluded from addressing these issues prior to a new trial. *See, e.g., United States v. Curtis*, 683 F.2d 769, 772 (3d Cir.1982) (finding that district court properly considered previously unaddressed constitutional issues prior to new trial ordered by mandate). Upon careful

---

**2.** Federal Rule of Civil Procedure 12(h)(2) provides that "[a] defense of failure to sate a claim upon which relief can be granted ... may be made in any pleading permitted or ordered under Rule 7(a), or by motion for judgment on the pleadings, or at the trial on the merits."

**3.** Federal Rule of Civil Procedure 50 provides, in relevant part:
  If during a trial by jury a party has been fully heard on an issue and there is no legally sufficient evidentiary basis for a reasonable jury to find for that party on that issue, the court may determine the issue against that party and may grant a motion for judgment as a matter of law against that party with respect to a claim or defense that cannot under the controlling law be maintained or defeated without a favorable finding on that issue.

Fed.R.Civ.P. 50(a)(1).

**4.** The rules dictating the scope of the law of the case doctrine have developed "to maintain consistency and avoid reconsideration of matters once decided during the course of a single continuing lawsuit." Charles A. Wright, et al., 18 Federal Rules and Practice § 4478 (1981); *Casey v. Planned Parenthood of Southeastern Penna.*, 14 F.3d 848, 856 (3d Cir.1994). The law of the case rules require that, on remand, "the trial court [must] proceed in accordance with the mandate and the law of the case as established on appeal." *Bankers Trust Co. v. Bethlehem Steel Corp.*, 761 F.2d 943, 949 (3d Cir.1985). "A trial court must implement both the letter and spirit of the mandate, taking into account the appellate court's opinion and the circumstances it embraces." *Id.*

review of the Third Circuit opinion in the present case, it is clear that neither party argued, nor did the Third Circuit address, any constitutional issues, and therefore they are properly brought and this Court is duty bound to address these issues.

## II. Discussion

### A. Legal Standard

Defendant's motion will be considered a motion for judgement as a matter of law under Fed.R.Civ.P. 50(a). A Court may only grant judgment as a matter of law if after "viewing the evidence in the light most favorable to the nonmovant and giving it the advantage of every fair and reasonable inference, there is insufficient evidence from which a jury reasonably could find liability." *Lightning Lube, Inc. v. Witco Corp.*, 4 F.3d 1153, 1166 (3d Cir. 1993). "[T]he focus of [the] inquiry is not whether there is literally no evidence supporting the unsuccessful party, but whether there is evidence upon which a reasonable jury could properly base its verdict." *Villanueva v. Brown*, 103 F.3d 1128, 1133 (3d Cir.1997). "If the evidence is of such character that reasonable [persons], in the impartial exercise of their judgment may reach different conclusions, the case should be submitted to the jury." *Id.* (quoting *J.I. Hass Co., Inc. v. Gilbane Bldg. Co.*, 881 F.2d 89, 92 (3d Cir.1989)). In ruling on a motion for judgment as a matter of law, the Court is not free to: (1) weigh the

evidence, (2) pass on the credibility of witnesses, or (3) substitute its judgment of the facts for that of the jury. *Aloe Coal Co. v. Clark Equip. Co.*, 816 F.2d 110, 113 (3d Cir.1987); *Tripodi v. Johnson & Johnson*, 877 F.Supp. 233, 236 (D.N.J.1995).

### B. Sufficiency of Evidence to Warrant a Trial on Punitive Damages

Defendant moves to dismiss Plaintiffs' claim for punitive damages on the ground that the evidence presented at trial was legally insufficient to establish common law malice. Under Pennsylvania law, a finding of actual malice is sufficient to trigger consideration of punitive damages. *DiSalle v. P.G. Publishing Co.*, 375 Pa.Super. 510, 544 A.2d 1345, 1365 (1988). It is unclear whether a private figure plaintiff in a case concerning a matter of public concern is required to go beyond a showing of actual malice and show common law malice before a jury may award punitive damages.[5] Courts have, however, held that the evidence needed to show actual malice and that required to establish common law malice overlap significantly. *Geyer v. Steinbronn*, 351 Pa.Super. 536, 506 A.2d 901, 916 n. 12 (1986). In fact, it is often the case that the two types of malice are difficult to distinguish. *DiSalle v. P.G. Publishing Co.*, 375 Pa.Super. 510, 544 A.2d 1345, 1370 (1988); *Schiavone Construction Co. v. Time, Inc.*, 646 F.Supp. 1511, 1518 (D.N.J.1986). Pennsylvania

5. Plaintiffs argue in their brief that they are only required to establish actual malice to support their claim for punitive damages. In support of this proposition, they cite *Geyer v. Steinbronn*, 351 Pa.Super. 536, 506 A.2d 901 (1986). While it is clear that Pennsylvania law requires a showing of common law malice to justify an award of punitive damages to public figures in a defamation case, there is some debate as to whether this same standard should apply to private figure plaintiffs in matters of public concern such as in the instant case. This issue has not been fully

briefed since the Plaintiffs have only conceded for the purposes of briefing that the common law malice standard would apply. Regardless of which standard governs, it is clear that the both the United States Constitution and Pennsylvania defamation law will allow a jury to consider punitive damages where, as here, there is a showing of actual malice. *Gertz v. Robert Welch, Inc.*, 418 U.S. 323, 349, 94 S.Ct. 2997, 41 L.Ed.2d 789 (1974); *DiSalle v. P.G. Pub. Co.*, 375 Pa.Super. 510, 544 A.2d 1345, 1365 (1988).

courts maintain a distinction between the two types of malice, but leave it for a jury to decide whether common law malice has been established. *DiSalle,* 544 A.2d at 1370.

Considering the overlap between the two malice standards, this Court need not decide at this time which malice standard will ultimately govern the punitive damages analysis in order to decide whether Plaintiffs may proceed to the punitive damages phase of the trial. It is clear from the jury verdict from the first phase of the trial that Plaintiffs have proved actual malice which, under Pennsylvania law, permits a jury to consider punitive damages. *DiSalle,* 544 A.2d at 1365. If a finding of common law malice is required to award punitive damages in this case, this Court must allow a jury to decide whether the evidence also supports such a finding.

Moreover, assuming *arguendo,* that a showing of common law malice is required in order for Plaintiff to recover punitive damages in this case, this Court cannot say as a matter of law that the record could not support a finding of common law malice. When viewed in the light most favorable to the Plaintiffs, the evidence on record could reasonably support a jury finding of common law malice. Although Defendant's briefs cite testimony which, if believed, shows a lack of any malice towards Dr. Paul, Plaintiffs cite testimony which, if believed, demonstrates common law malice towards him. *See* Pls.' Br. (Doc. No. 259) at 20. Without weighing this evidence or assessing the credibility of these witnesses, it is clear the evidence presented in this case "is of such character that reasonable [persons], in the impartial exercise of their judgment may reach different conclusions" and therefore this case must be submitted to the jury. *Villanueva,* 103 F.3d at 1133. Accordingly, the Plaintiffs have presented sufficient evidence to warrant a trial on punitive damages, even applying the more stringent standard. Defendant's motion shall be denied on this ground.

## C. Due Process Concerns

Defendant argues that since there is no award of actual damages, any award of punitive damages would create an infinite ratio of actual to punitive damages, and would offend due process under *BMW of North America, Inc. v. Gore,* 517 U.S. 559, 116 S.Ct. 1589, 134 L.Ed.2d 809 (1996). As the Supreme Court noted in *Gore,* some ratios of compensatory to punitive damages are so great that they "must surely raise a suspicious judicial eyebrow." 517 U.S. at 583, 116 S.Ct. 1589. The Supreme Court also noted, however, that the ratio of actual and punitive damages was only one indicium of unreasonable or excessive punitive damage awards. *Id.* The Court explained that it has "consistently rejected the notion that the constitutional line is marked by a simple mathematical formula, even one that compares actual *and potential* damages to the punitive award." *Id.* at 581, 116 S.Ct. 1589 (emphasis in original). When considering the reasonableness of punitive damage awards, other factors, such as the reprehensibility of defendant's conduct, must be analyzed. *Id.* at 573, 116 S.Ct. 1589.

Accordingly, courts have allowed awards of punitive damages where the actual damages were nominal or nonexistent. *See, e.g., Timm v. Progressive Steel Treating, Inc.,* 137 F.3d 1008, 1008–09 (7th Cir. 1998) (affirming $15,000 punitive award where plaintiff received no compensatory award); *Provost v. City of Newburgh,* 262 F.3d 146 (2d Cir.2001) (affirming $10,000 punitive damages award against each of two defendants where jury found only nominal compensatory damages of $1

against each defendant, and stating that "the $10,000 punitive damages sum approaches the limits of what we would deem consistent with constitutional constraints."); *Shea v. Galaxie Lumber & Construction Co., Ltd.*, 152 F.3d 729, 736 (7th Cir.1998) (finding $2,500 punitive award on top of $1 compensatory award not "grossly out of line"); *Lee v. Edwards*, 101 F.3d 805 (2d Cir.1996) (lowering award of punitive damages to $75,000 where jury awarded $1,001 in compensatory damages); *Murray v. Laborers Union Local No. 324*, 55 F.3d 1445, 1453 (9th Cir.1995) (approving award of $200 in compensatory and $78,500 in punitive damages); *Riley v. Kurtz*, 1999 WL 801560 at *9 (6th Cir. 1999) (allowing $1,000 in punitive damages where jury awarded $3 in compensatory damages)(per curiam). It is clear, therefore, that the ratio of punitive damages to compensatory damages does not, by itself, determine the potential due process concerns of excessive penalties. More importantly, it is also clear that no due process concerns arise unless a jury awards excessive or unreasonable punitive damages. Therefore, this Court cannot bar Plaintiff from pursuing his punitive damages claim based on the mere possibility of an unconstitutionally excessive jury award. These due process concerns can only be addressed if Defendant appeals a jury award on Fifth and Fourteenth Amendment grounds after a verdict is entered. Accordingly, Defendant's motion shall be denied on this ground.

### D. First Amendment Concerns

Finally, Defendant asserts that an award of punitive damages against a member of the press where no actual or presumed damages were awarded offends the First Amendment. Defendant fails to present adequate authority to support this claim.

Defendant cites *Linn v. United Plant Guard Workers*, 383 U.S. 53, 86 S.Ct. 657, 15 L.Ed.2d 582 (1966), for support. In *Linn*, The Court addressed the extent to which the National Labor Relations Act ("NLRA") protected defamatory statements published in the course of a union organization campaign, thus barring state law libel actions against employers subject to the Act. *Id.* at 57, 86 S.Ct. 657. In this context, The Court ruled that a plaintiff must establish that "he has suffered some sort of compensable harm" before punitive damages may be recovered. *Id.* at 66, 86 S.Ct. 657. *Linn*, however, is distinguishable from the present case in as much as the Supreme Court's decision in that case was "particularly concerned with balancing the rights of libel plaintiffs against the national labor policy in favor of vigorous debate in labor elections." *Schiavone*, 847 F.2d at 1081 n. 19. (3d Cir.1988). There are no such competing policy considerations implicated in this case.

Defendant also cites *Schiavone Construction Co. v. Time, Inc.*, 847 F.2d 1069 (3d Cir.1988), in support of its argument. *Schiavone* is also distinguishable. In *Schiavone*, the relationship between punitive and compensatory damages was discussed in the context of a *public* figure plaintiff. In this context, the Third Circuit has described this issue as a "constitutional minefield" and declined to rule because numerous contingencies in the case made the consideration premature. *Schiavone*, 847 F.2d 1069, 1082. The Third Circuit discussed *Linn* as it pertains to the issue of weather a public figure could recover punitive damages in the absence of compensatory damages but declined to express an opinion as to whether the ruling in *Linn* extends beyond its own facts. *Id.* at 1081, n. 19. This Court reads the Third Circuit's discussion of *Linn* in the context of *Schiavone* as an indication that *Linn* would not bar recovery of punitive damages to a public figure plaintiff in the

absence of an award of compensatory damages outside the context of the NLRA. This reading is supported by the fact that other courts have found, in the context of *public* figure plaintiffs, that punitive damages against the press in the absence of compensatory damages do not offend the First Amendment. *See Buckley v. Littell,* 539 F.2d 882 (2d Cir.1976) (awarding $1 in compensatory and $1,000 in punitive damages); *Davis v. Schuchat,* 510 F.2d 731, 738 (D.C.Cir.1975) (upholding award of $1 compensatory and $1,500 punitive damages); *Goldwater v. Ginzburg,* 414 F.2d 324 (2d Cir.1969) (awarding $1 in compensatory and $75,000 in punitive damages). If the Constitution permits recovery of punitive damages in the absence of compensatory damages for public plaintiffs, who by their nature require less protection from defamatory speech than the private plaintiff, there is no reason to believe that the Constitution would not permit the same recovery to private a plaintiff.

Defendant's assertion that the First Amendment requires a plaintiff to be compensated for actual harm before a jury may consider punitive damages is misguided. The relationship between compensatory and punitive damage awards is not a First Amendment concern. Punitive damages are not compensation for injury, "[i]nstead they are private fines levied by civil juries to punish reprehensible conduct and to deter its future occurrence." *Gertz v. Robert Welch, Inc.,* 418 U.S. 323, 348, 94 S.Ct. 2997, 41 L.Ed.2d 789 (1974). The First Amendment inquiry, therefore, is not guided by the amount of compensatory damages a plaintiff receives but rather by analyzing whether a defendant's conduct warrants this form of punishment. *Gertz,* 418 U.S. 323, 349, 94 S.Ct. 2997, 41 L.Ed.2d 789. ("Punitive damages may properly be imposed to further a state's legitimate interests in punishing unlawful conduct and deterring its repetition."). In defamation suits, "punitive damages may not be allowed unless there has been 'a showing of knowledge of falsity or reckless disregard for the truth.'" *Gertz,* 418 U.S. 323, 349, 94 S.Ct. 2997, 41 L.Ed.2d 789 (1974); *DiSalle,* 544 A.2d at 1365. Under *Gertz,* once the threshold requirement of actual malice is met, punitive damages are constitutionally permissible. *Accord, Dun & Bradstreet, Inc. v. Greenmoss Builders, Inc.,* 472 U.S. 749, 761, 105 S.Ct. 2939, 86 L.Ed.2d 593 (1985); *DiSalle,* 544 A.2d at 1367.

After actual malice is established, state defamation law governs the applicability of punitive damages. *Gertz,* 418 U.S. 323, 346, 94 S.Ct. 2997, 41 L.Ed.2d 789. Pennsylvania law, as predicted by the Third Circuit in this case, permits awards of punitive damages in defamation cases even where actual damages are nominal or nonexistent. Dec. 27, 2001 Op. at 12 (Doc. No. 251). Therefore, where there has been a showing of actual malice but no award of compensatory damages, a private figure plaintiff can still seek punitive damages under both Pennsylvania and Constitutional law. Any constitutional problems concerning the relationship between the amount of punitive damage awards to the amount of compensatory damages are more appropriately addressed under a Fifth and Fourteenth Amendment Due Process analysis. As stated above, the potential due process concerns presented by punitive damage awards cannot be determined before a jury awards punitive damages. Accordingly, Defendant's motion is denied on this ground.

### III. Order

AND NOW, therefore, **IT IS ORDERED THAT** Defendant's motion to dismiss is **DENIED.**