FOR THE TENTH CIRCUIT

**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**November 25, 2014**

**Elisabeth A. Shumaker**
**Clerk of Court**

ROBERT OWEN MARSHALL, III,

     Plaintiff - Appellant,

v.

WYOMING DEPARTMENT OF
CORRECTIONS; PRISON HEALTH
SERVICES, INC./CORIZON HEALTH;
ROBERT O. LAMPERT; STEVE
LINDLEY; BRIAN FARMER; DAN
SHANNON; JOHN ORDIWAY; SAM
BORBELY; DEBBIE LEONARD;
EDDIE WILSON; TODD MARTIN;
MICHAEL J. MURPHY; RUBY
ZIEGLER; JANELL THAYER; KYA
GALLO; MELODY NORRIS; SHAWNA
RETTINGHOUSE; KATHY LONG;
CARRIE CARUTHERS; BURT
PRINDLE; JASON WADSWORTH;
JAMES VALLIERE; JASON MAY; JAY
OWREN; DENNIS JONES; KRISTY
BROOKS; PAM NICHOLS; VICKI
SMITH; DAN PILLON; STEVE
HARGETT; MICHAEL DAVID;
RICHARD LORENZ; JOHN MARTIN;
ROBERT CUSTARD; ROB
BRANHAM; SHAWN SITZMAN;
CURTIS MOFFAT; AMBER DAVISON;
BARBARA TUTTLE; HEATHER
BERGLUND; MARLENA MILLER;
NEICOLE MOLDEN; KONNE RIFE;
JOHN COYLE, M.D.; ANNE
CYBULSKI-SANDLIAN; SAMUEL
KURT JOHNSON, M.D.; JEFF
SHAHAN; SHIRLEY HALEY; LESLIE
BRIGGS, RN; ROBERT BYRD, DDS;
JACQUIE PROBST, RN; DANIEL M.

No. 14-8033
(D.C. No. 1:12-CV-00175-SWS)
(D. Wyo.)

FETSCO; MELVIN HAMILTON;
WYOMING BOARD OF PAROLE;
JAMES F. WIESBECK; PATRICK
ANDERSON; RICHARD
HALLWORTH; ANTONIO
ESCAMILLA; CONSOLIDATED
DEFENDANTS PRISON HEALTH
SERVICES/CORIZON HEALTH
EMPLOYEES, in their individual and
official capacities; CONSOLIDATED
DEFENDANTS WYOMING
DEPARTMENT OF CORRECTIONS
EMPLOYEES, in their individual and
official capacities,

Defendants - Appellees.

**ORDER AND JUDGMENT**[*]

Before **KELLY**, **ANDERSON**, and **TYMKOVICH**, Circuit Judges.

Robert Owen Marshall, III, proceeding pro se, appeals from the district court's judgment for defendants in his prisoner civil rights suit. Exercising jurisdiction under 28 U.S.C. § 1291, we affirm the disposition of most of the claims, but we vacate the judgment in favor of certain defendants on the First Amendment portions of claims 1 and 2 and remand for further proceedings.

---

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

***Background & Discussion***

Between 2008 and 2012, Mr. Marshall was imprisoned in various Wyoming correctional institutions where Corizon Health, Inc. was contracted to provide medical services. He brought claims against numerous defendants under 42 U.S.C. §§ 1983 and 1985; the Religious Land Use and Institutionalized Persons Act (RLUIPA); the Americans with Disabilities Act (ADA); and the Rehabilitation Act of 1973 (RA). Because he had been released from prison before filing his complaint, he sought only money damages.

In thorough and detailed orders, the district court granted judgment on the pleadings under Fed. R. Civ. P. 12(c) to the prison system and its officials (the State Defendants) and summary judgment to Corizon and its employees (the Medical Defendants). We review both decisions de novo. *Barber ex rel. Barber v. Colo. Dep't of Revenue*, 562 F.3d 1222, 1227 (10th Cir. 2009) (summary judgment); *Ctr. for Legal Advocacy v. Hammons*, 323 F.3d 1262, 1265 (10th Cir. 2003) (judgment on the pleadings). We have considered only those claims addressed in the opening brief,[1] as any issue not raised or not briefed adequately in an appellant's opening brief is waived. *See Toevs v. Reid*, 685 F.3d 903, 911 (10th Cir. 2012).

---

[1] Mr. Marshall's opening brief made no argument with regard to his RLUIPA claims; § 1983 claims 8, 9, 11, and 14; ADA/RA claim 22; or the dismissal of certain defendants for failure to serve. It also made no argument regarding granting judgment to the State Defendants on § 1983 claims 5, 7, and 10. As for his § 1985 claim (claim 15), his only assertion is that the district court failed to address it, but he is mistaken. *See* Doc. No. 129 at 41-44. Also, he explicitly disavows any appeal of

(continued)

### 1. Generally Applicable Arguments

Mr. Marshall initially makes two general arguments. He first asserts that in light of his multiple impairments and the complex issues, the district court erred in denying his requests for appointment of counsel. We review the denial of appointed counsel for abuse of discretion, reversing "[o]nly in those extreme cases where the lack of counsel results in fundamental unfairness." *Id.* at 916 (internal quotation marks omitted). The relevant factors "include the merits of a prisoner's claims, the nature and complexity of the factual and legal issues, and the prisoner's ability to investigate the facts and present his claims." *Id.* (internal quotation marks omitted). Having reviewed the record in light of those factors and Mr. Marshall's presentation on appeal, we cannot conclude that denying appointed counsel resulted in fundamental unfairness.

Next, he argues that the district court erred in granting judgment without allowing discovery. It is not clear, however, that he ever properly notified the district court that he could not adequately respond to defendants' dispositive motions without discovery. We do not see where his response to the State Defendants' motion for judgment on the pleadings asked for discovery. In responding to the Medical Defendants' motion for summary judgment, he did suggest at the end of his brief that "as Defendants have asked that Discovery be stayed in this action, Plaintiff will need

---

the excessive-force portion of claim 3, and he clarifies that he did not actually assert a due-process claim regarding the retention of property as part of claim 3.

- 4 -

to wait for such discovery before he can properly address the other claims." R. Vol. 1 at 899. But this is no ground for reversal, as this conclusory statement fails to comply with the requirements of Fed. R. Civ. P. 56(d) (formerly Rule 56(f)), which requires a plaintiff to file a specific affidavit if he believes he needs discovery to respond to a summary judgment motion. *See Abdulhaseeb v. Calbone*, 600 F.3d 1301, 1310 (10th Cir. 2010).

**2. Section 1983 Claims**

Claims 1 through 17 present § 1983 claims alleging various constitutional violations, some against the State Defendants, some against the Medical Defendants, and some against both sets of defendants.

**a. State Defendants**

We review a Rule 12(c) dismissal "under the standard of review applicable to a Rule 12(b)(6) motion to dismiss." *Nelson v. State Farm Mut. Auto. Ins. Co.*, 419 F.3d 1117, 1119 (10th Cir. 2005) (internal quotation marks omitted). Accordingly, "[a]ll well-pleaded facts, as distinguished from conclusory allegations, are accepted as true and viewed in the light most favorable to the nonmoving party." *Teigen v. Renfrow*, 511 F.3d 1072, 1078 (10th Cir. 2007). "In reviewing a motion to dismiss, this court must look for plausibility in the complaint." *Id.* (internal quotation marks omitted). "Under this standard, a complaint must include 'enough facts to state a claim to relief that is plausible on its face.'" *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

Having reviewed the briefs and the record, we see no error in granting judgment on the pleadings to the State Defendants on claims 3 through 17. Accordingly, we affirm judgment for the State Defendants on these claims for substantially the reasons set forth in Docket No. 129, filed on March 18, 2014.

As to claims 1 and 2, however, we must conclude that judgment on the pleadings was improper as to the First Amendment allegations. These claims concern Mr. Marshall's kouplock, a hairstyle he wears as a Native American religious exercise. Claim 1 alleges that prison officials at Wyoming State Penitentiary required Mr. Marshall to shave his kouplock because they did not like it. Claim 2 alleges that, several months later at Wyoming Honor Conservation Camp, prison officials arbitrarily harassed him about his kouplock (which by then had begun to grow back).

Relying on several cases holding that a prison's interest in security outweighs religious rights when it comes to hairstyles, the district court held that the defendants were entitled to qualified immunity because prisoners have no clearly established right to wear a kouplock. But Mr. Marshall's allegations are that the prison officials acted not out of security concerns, but arbitrarily because they did not like his kouplock. He also points out that the Wyoming prison system generally allows prisoners to wear religious hairstyles such as the kouplock. Taken in the light most favorable to Mr. Marshall, the well-pleaded facts indicate that "[t]his . . . is a case of outright arbitrary discrimination rather than of a failure merely to accommodate

religious rights." *Grayson v. Schuler*, 666 F.3d 450, 453 (7th Cir. 2012) (internal quotation marks omitted).  Although the claims ultimately may not succeed, Mr. Marshall has adequately pleaded plausible claims of unconstitutional discrimination, sufficient to avoid a Rule 12(c) judgment for defendants.  *Cf. id.* at 455 (reversing summary judgment on qualified immunity for prison official who ordered prisoner to cut his religiously-motivated dreadlocks, not because of a security concern, but simply because prison allowed only Rastafarians to wear dreadlocks, "which could not reasonably be thought constitutional").

### b.    Medical Defendants

Having reviewed the briefs and the record, we see no error in granting summary judgment to the Medical Defendants on the § 1983 claims.  Accordingly, we affirm judgment on claims 1 through 17 for the Medical Defendants for substantially the reasons set forth in Docket No. 130, filed on March 18, 2014.

## 3.    ADA/RA Claims

### a.    State Defendants

Claims 18 through 21 allege violations of the ADA and RA in failing to reasonably accommodate Mr. Marshall's disabilities in various ways, including denying his request for an accommodation to do his prison job (claim 19).  These claims are asserted against defendants in their official capacities.

With regard to claims 18, 20, and 21, the district court assumed that sovereign immunity was abrogated.  But it held that, because he sought damages, Mr. Marshall

had to show intentional discrimination to proceed on his ADA and RA claims. Mr. Marshall argues that this was the wrong legal standard because his claims were based on a failure to accommodate, not disparate treatment or intentional discrimination. *See Cinnamon Hills Youth Crisis Ctr., Inc. v. Saint George City,* 685 F.3d 917, 919 (10th Cir. 2012) (both ADA and RA address three categories of conduct: intentional discrimination, unlawful disparate impact, and failure to provide reasonable accommodation).

Mr. Marshall is correct that the ADA prohibits not only disparate treatment, but also a failure to make reasonable accommodation. Nevertheless, the district court was correct to invoke intentional-discrimination analysis *because Mr. Marshall sought only money damages.* As the district court held, for an award of compensatory damages under the ADA or the RA, a plaintiff must show intentional discrimination. *See Barber*, 562 F.3d at 1228; *Griffin v. Steeltek, Inc.*, 261 F.3d 1026, 1028-29 (10th Cir. 2001) (ADA). And the complaint's allegations fail to plausibly establish intentional discrimination, as defined by *Barber*. *See Barber*, 562 F.3d at 1228-29.

Claim 19 alleges that officials failed to grant Mr. Marshall's requests for an accommodation to do his prison job. The district court held that this claim was barred by sovereign immunity, and even if it were not, the ADA and RA do not apply to prison employment, *see White v. Colorado*, 82 F.3d 364, 367 (10th Cir. 1996). Mr. Marshall's opening brief fails to challenge the sovereign-immunity decision,

instead focusing on *White*. Because he has waived appeal of one of the grounds underlying the judgment, and thus the judgment stands on that ground, we need not consider his challenge to *White*.

Accordingly, we affirm the judgment for the State Defendants on the ADA/RA claims.

### b. Medical Defendants

The district court granted summary judgment to the Medical Defendants on the RA claims because Corizon did not receive federal funding during Mr. Marshall's incarceration, making the RA inapplicable, *see* 29 U.S.C. § 794(a). And the court granted summary judgment to the Medical Defendants on the ADA claims because the claims were asserted under Title III of the ADA, and no monetary relief would be available, *see Powell v. Nat'l Bd. of Med. Exam'rs*, 364 F.3d 79, 86 (2d Cir. 2004). We see no error in these determinations.

### 4. Request for New Judge

At the end of his brief, Mr. Marshall perfunctorily alleges that the district judge is prejudiced against him, noting that this same judge, in his former position as a Wyoming state judge, originally sentenced him to prison. Construing this as a request that the matter be assigned to a new judge on remand, we deny it. Mr. Marshall does not show that he has sought recusal under the applicable statutes. Moreover, his bare assertion of prejudice does not establish that recusal is required. *See United States v. Cooley*, 1 F.3d 985, 993-94 (10th Cir. 1993) (stating that, among

other matters not justifying recusal, are "prior rulings in . . . another proceeding, solely because they were adverse" and "mere familiarity" with a party).

### *Conclusion*

Mr. Marshall's "Denial of Appointment of Counsel, Access to Courts," and his Motion for Emergency Relief are denied. The district court's judgment is vacated as to the First Amendment portions of claims 1 and 2 against the State Defendants and those claims are remanded for further proceedings. The remainder of the judgment is affirmed.

Entered for the Court

Stephen H. Anderson
Circuit Judge