[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 15, 2006
THOMAS K. KAHN
CLERK

_____

No. 05-14468

_____

D. C. Docket No. 02-00038-CV-HLM-4

REBECCA CUSTER,
Administratrix of the Estate of James Custer,
Deceased,

Plaintiff-Appellant,

versus

TEREX CORPORATION,

Defendant-Appellee,

MAXIM CRANE WORKS,
f.k.a. Anthony Crane Rentals,

Defendant.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

**(June 15, 2006)**

Before BLACK and PRYOR, Circuit Judges, and CONWAY[*], District Judge.

PER CURIAM:

Rebecca Custer appeals a judgment notwithstanding the verdict entered in favor of Terex Corporation and against her claim of negligent design under Georgia law.  Custer argues that the district court erroneously granted judgment as a matter of law based on the internally inconsistent verdict reached by the jury. We agree that judgment cannot be entered in favor of Custer based on the inconsistent verdict, but we conclude that the appropriate remedy is a new trial, not judgment in favor of Terex.  Because we order a new trial, we also address two evidentiary issues and conclude that the district court abused its discretion when it admitted a report created by the Occupational Safety and Health Administration but not when it excluded a "safety alert" related to the allegedly defective product.

## I. BACKGROUND

In 2001, James Custer, a construction worker, died in a work-related accident involving a Square Shooter forklift.  Mr. Custer, who was assigned to work as a spotter, was crushed by the rear wheel of the forklift.  Terex owns the design for the Square Shooter and manufactures the product.

---

[*] Honorable Anne C. Conway, United States District Judge for the Middle District of Florida, sitting by designation.

Custer, the widow of James Custer, filed a complaint, under diversity jurisdiction, against Terex that alleged negligent design and strict liability based on a design defect and sought damages in the form of medical expenses, funeral expenses, pain and suffering, and lost income of the deceased. Custer alleged that the design of the Square Shooter was negligent and defective because "the driver's field of vision [is] completely obstructed when the machine is in operation" and argued that Terex could have "add[ed] larger mirrors on the right side" to remedy this defect. Terex presented a twofold defense to the claim of negligence: (1) the design was not negligent; and (2) Mr. Custer was comparatively negligent. The parties stipulated to the amount and reasonableness of damages for medical expenses and funeral costs.

Both parties moved in limine to exclude certain evidence. Terex moved to exclude a safety alert entitled "Beware of Blind Areas While Operating Equipment" that was issued by Georgia Power—the company for which work was being done at the time of Custer's accident. The safety alert provided a description of the accident and then described the perceived defect as follows:

> Terex Square Shooter Model SS 842, and similar models of [forklifts] have absolutely no visibility to the right of the operator's cab when the boom is at a height to travel or pick/set a load near ground level. In addition, they are designed in a manner that a person can walk between the front and rear tires on the right side of the machine—placing themself [sic] in a danger zone.

3

Terex argued that the safety alert was inadmissible because it was irrelevant, unfairly prejudicial, and constituted inadmissible hearsay. The district court found that the safety alert was relevant, but then considered the other arguments of Terex to exclude the safety alert. The district court concluded that Rule 403 barred the admissibility of the safety alert because its "probative value is outweighed by its prejudicial effect on Defendant Terex." See Fed. R. Evid. 403.

Custer moved to exclude an investigation report filed by the Occupational Safety and Health Administration that related to Mr. Custer's accident. In the report, the Administration concluded that Mr. Custer's employer failed to train the operator "in the visibility limitation of the lift or the instructions, warnings, or precautions listed in the operator's manual." The district court found that the report was not compiled through a hearing process and that the investigator was "generally bar[red] . . . from testifying in private civil litigation" and could not be cross-examined. The district court concluded that other factors supported a finding of trustworthiness, such as the experience of the investigator and the timeliness of the report, and admitted the report under Federal Rule of Evidence 803(8)(C). The district court also rejected Custer's argument that the report was unduly prejudicial because the investigator was "not charged with taking into account what role the design of the Square Shooter played in the accident" and would mislead the jury.

4

At the close of trial, the district court provided the following jury instruction on the law of comparative negligence:

> If you find that the Defendant, Terex, was negligent and you further find that there was negligence on the part of Mr. Custer proximately causing or contributing to his injury and death and that such negligence of Mr. Custer was equal to or greater than that of Terex, then Mrs. Custer cannot recover in this case on her negligence claim.
>
> Now, further, with reference to the negligence claim, if you find there was such negligence of the defendant, Terex, and to make Terex liable to Mrs. Custer and you further find that there was some negligence on the part of Mr. Custer contributing to Mr. Custer's injury and Mrs. Custer's damages but that such negligence of Mr. Custer was less than the negligence of Terex, then I instruct you that this negligence on the part of Mr. Custer would not prevent Mrs. Custer's recovery of damages in this case but would require that you reduce the amount of damages which would otherwise be awarded to Mrs. Custer in proportion to the negligence of Mr. Custer compared with that of the Defendant, Terex.

The district court provided the jury with a verdict form that provided a checkbox for each claim asserted by Custer to indicate whether the jury found Terex liable and blanks for the jury to write in the amount of damages it awarded to Custer based on each category of damages (i.e., medical expenses, funeral bills, pain and suffering, and life of the deceased). Despite requests by both parties, the district court elected not to include a question on the verdict form regarding the percent fault allocated to Terex and Mr. Custer.

5

The jury returned a verdict in favor of Custer on the claim of negligence and in favor of Terex on the claim of strict liability. The jury awarded damages in the amount of $150,000, which was exactly 30 percent of the amount requested by Custer. The damages for each category also represented 30 percent of the amount requested by Custer for that category. The amount awarded for medical expenses, for example, was $973.80, which was 30 percent of $3246, which was the amount of medical expenses to which the parties had stipulated.

Terex renewed its motion for judgment as a matter of law and moved, in the alternative, for a new trial. Terex argued that the jury verdict was facially flawed because the damage award necessarily required the jury to find Terex to be 30 percent at fault and Mr. Custer to be 70 percent at fault, but under Georgia law, no damages can be awarded when the plaintiff is at greater fault than the defendant. The district court agreed with Terex and granted the motion for judgment as a matter of law. The district court denied as moot the motion of Terex for a new trial.

## II. STANDARD OF REVIEW

This Court reviews <u>de novo</u> the grant of judgment notwithstanding the verdict. <u>Lipphardt v. Durango Steakhouse of Brandon, Inc.</u>, 267 F.3d 1183, 1186 (11th Cir. 2001). This Court must "view the evidence in the light most favorable

6

to the nonmoving party." Id. This Court reviews "rulings on the admissibility of evidence for abuse of discretion." Palmer v. Bd. of Regents of the Univ. Sys. of Ga. Kennesaw State Coll., 208 F.3d 969, 973 (11th Cir. 2000).

## III. DISCUSSION

Our discussion is divided in two parts. First, we consider whether the district court erroneously granted judgment notwithstanding the verdict against her claim of negligence. We conclude that the jury verdict was inconsistent, but a judgment as a matter of law against Custer was the wrong remedy. Second, because we remand for a new trial, we turn to Custer's arguments related to the evidentiary rulings of the district court.

### A. The Appropriate Remedy for an Inconsistent Verdict Is to Grant a New Trial.

Custer argues that the district court erroneously granted judgment notwithstanding the verdict for two reasons. First, Custer argues that the verdict was not internally inconsistent and should be reinstated. Second, Custer argues that if the verdict is internally inconsistent, the appropriate remedy is to grant a new trial, not to enter judgment as a matter of law. We address each argument in turn.

7

1. The Jury Verdict Was Internally Inconsistent.

Terex argues that the jury verdict was internally inconsistent because an award of damages for medical expenses and funeral costs at a rate of 30 percent of the stipulated amount is inconsistent with a finding that Terex is more than 50 percent at fault under Georgia comparative negligence law. Georgia applies the law of comparative negligence. Bridges Farms, Inc. v. Blue, 480 S.E.2d 598, 598-99 (Ga. 1997). "Under the comparative-negligence doctrine of this state, a plaintiff whose negligence is less than that of the defendant 'is not denied recovery although his damages shall be diminished by the jury in proportion to the degree of fault attributable to him.'" Id. at 599 (quoting Union Camp Corp. v. Helmy, 367 S.E.2d 796 (Ga. 1988)). "[W]here the negligence of the plaintiff and the defendant are equal, or the negligence of the plaintiff is more than that of the defendant, the plaintiff could not recover." Id. (quoting McDowall Transp. Inc. v. Gault, 56 S.E.2d 161 (Ga. 1949)).

Custer, in response, presents three arguments to explain how the verdict was not inconsistent. Custer argues that the jury could have reached its verdict without necessarily finding Terex to be 30 percent at fault and Custer 70 percent at fault. We address each argument in turn, and each argument fails.

First, Custer argues that the jury could have reduced the award because the requested amount, although uncontested, may have been viewed by the jury as unreasonable. This argument is without merit because the parties stipulated to the amount of damages for medical and funeral expenses, and this Court has implicitly endorsed the use of stipulations to set the amount of damages. See Thomas v. Dillard Dep't Stores, Inc., 116 F.3d 1432, 1433 (11th Cir. 1997). It would defeat the purpose of stipulated facts if the jury were permitted to accept or reject the stipulations at its whim.

Second, Custer's argues that the jury could have reduced the overall award based on its assumption that Custer had received funds from another source. Custer posits, based on an unanswered question posed by the jury during its deliberations, that the jury assumed Custer received half of her damages from Mr. Custer's employer. If the jury reduced the damages by half, Custer argues, the jury could have found Terex to be 60 percent at fault and Mr. Custer 40 percent at fault to reach the amount awarded. Although Custer asserts that "[s]uch a finding is consistent with the evidence presented at trial," she points to no evidence that supports a finding by the jury that the damages should have been reduced by 50 percent because Mr. Custer's employer compensated Custer for her loss. Custer's theory is wild speculation without foundation in the record.

9

Third, Custer's argument that the jury might have found an unjoined third party to be 50 percent at fault likewise fails. Under Georgia law at the time, the comparative negligence statute, O.C.G.A. § 51-12-33(a) (2004), "d[id] not authorize a jury to apportion damages against a nonparty." Fraker v. C.W. Matthews Contracting Co., 614 S.E.2d 94, 97 (Ga. App. 2005). Although this statute has since been amended to permit the allocation of fault to a third party, see O.C.G.A. § 51-12-33(c) (2005), this amendment applies only to "causes of action arising on or after February 16, 2005, and any prior causes of action shall continue to be governed by prior law." Id. editor's note (citing Ga. L. 2005, 1 § 15(b)).

We agree with Terex that the jury implicitly found that Terex was 30% at fault and Mr. Custer 70% at fault. The district court did not err when it determined that the jury verdict was internally inconsistent and failed to enter judgment in favor of Custer. The next issue is the proper remedy for the inconsistent verdict.

### 2. The Appropriate Remedy for an Inconsistent Jury General Verdict Is a New Trial.

Because the district court was correct to disregard the jury verdict as internally inconsistent, this Court must determine whether entering judgment as a matter of law in favor of Terex was the appropriate procedural remedy. Judgment as a matter of law is appropriate when "there is no legally sufficient evidentiary basis for a reasonable jury to find for that party on that issue." Fed. R. Civ. P.

10

50(a). The district court did not find that Custer failed to present a sufficient evidentiary basis to support her claim of negligence; instead, the district court chose to credit one portion of the inconsistent jury verdict to invalidate the other.

The Federal Rules of Procedure permit a district court to enter judgment based on the responses of a jury to interrogatories even when those answers are inconsistent with the general verdict that the jury returned. See Fed. R. Civ. P. 49(b) ("When the answers [to interrogatories accompanying a general verdict] are consistent with each other but one or more is inconsistent with the general verdict, judgment may be entered pursuant to Rule 58 in accordance with the answers, notwithstanding the general verdict, or the court may return the jury for further consideration of its answers and verdict or may order a new trial."). Rule 49(b), however, applies only when the district court presented the jury with a general verdict form accompanied by "written interrogatories upon one or more issues of fact the decision of which is necessary to a verdict." Id.; see also Mason v. Ford Motor Co., 307 F.3d 1271, 1274-75 (11th Cir. 2002) (per curiam).

In Mason, we considered whether Rule 49(b) applied to a verdict form that asked the jury whether the defendant was liable under negligence and strict liability and, if the jury found the defendant liable, to find the amount of damages. 307 F.3d at 1272-73 & n.1. We concluded that such a form was "best categorized as

one that solicited a general verdict on each of two theories of liability." Id. at 1275; accord Turyna v. Martam Constr. Co., 83 F.3d 178, 182 (7th Cir. 1996) ("Although the amount of damages is an issue of fact, this fact is specifically determined by the jury even under a general verdict form."). Here, both parties requested that the district court include on the form provided to the jury an interrogatory that would allow the jury to apportion fault, but the district court declined to do so. As a result, the verdict form given to the jury in this appeal is indistinguishable from the form returned by the jury in Mason. See 307 F.3d at 1272 n.1. Because the jury returned a general verdict without interrogatories, Rule 49(b) does not apply.

We are left with the question whether a district court can enter judgment as a matter of law based on an internally inconsistent general verdict. We conclude that it cannot. The Seventh Circuit confronted a similar situation in Turyna and held that the appropriate remedy is a new trial. 83 F.3d at 181. The Seventh Circuit explained that "we do not know which part of the jury's verdict should control. It would do just as much violence to the jury's factual findings to give primacy to its answer on the liability issue, ignoring its response on damages, as it would to do the reverse." Id. We find the reasoning of the Seventh Circuit persuasive and hold that the appropriate remedy for an internally inconsistent general verdict is an order

for a new trial. See, e.g., Stone v. City of Chicago, 738 F.2d 896, 899 (7th Cir. 1984) (citing J. Moore et al., Moore's Federal Practice - Civil §59.08[4] (2d ed. 1983)); cf. Tipton v. Michelin Tire Co., 101 F.3d 1145, 1151 (6th Cir. 1996) (granting judgment as a matter of law in the light of an inconsistent jury verdict when the plaintiff failed to challenge the validity of the verdict in favor of the defendant).

We reverse the order of the district court granting judgment as a matter of law to Terex. Although it was required to rule on the motion made by Terex for a new trial in the alternative, see Fed. R. Civ. P. 50(c)(1), the district court denied the motion as moot. We reverse the denial of the motion for a new trial and remand for a new trial.

### B. Whether the District Court Abused Its Discretion in Its Evidentiary Rulings?

Because we remand for a new trial, we address Custer's arguments that the district court abused its discretion when it made two evidentiary rulings. First, we consider whether the district court abused its discretion when it excluded the Safety Alert, and we conclude that it did not abuse its discretion. Second, we evaluate whether the district court abused its discretion when it admitted the OSHA letter, and we conclude that it abused its discretion.

13

### 1. The District Court Did Not Abuse Its Discretion When It Excluded the Safety Alert.

Custer argues that district court abused its discretion when it excluded the safety alert as unduly prejudicial under Rule 403. Rule 403 provides, "Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." Fed. R. Evid. 403. Neither the district court nor Terex have explained the undue prejudice caused by the admission of the safety alert, but its probative value is minimal.

The district court was within its discretion to view the safety alert as the "needless presentation of cumulative evidence," another ground for excluding evidence under Rule 403. Fed. R. Evid. 403. Eyewitnesses to the accident could testify as to the circumstances of the accident. Any observer of the machine, including Custer's expert, could testify as to the obstructed view and possibility that a person could walk between the front and back wheels of the forklift. We affirm the decision of the district court to exclude the safety alert under Rule 403. Cf. Cochran v. U.S. Health Care Fin. Admin., 291 F.3d 775, 778 (11th Cir. 2002) (holding that "we may affirm for any reason supported by the record").

14

## 2. The District Court Abused Its Discretion When It Admitted the OSHA Letter.

Custer's argument in favor of excluding the OSHA letter is twofold. First, Custer argues that the OSHA letter was irrelevant. Second, Custer argues that the probative value of the letter was substantially outweighed by the considerations in Federal Rule of Evidence 403.

Evidence is relevant if it has "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401. Terex argues that the letter is relevant because "the purpose of the OSHA investigation was not to determine whether the subject machine was defective, . . . but instead was to notify Plaintiff that certain violations regarding her husband's employer were found to exist." The problem for Terex is that its explanation counsels against the relevance of the letter.

The only issues at trial were whether there was a design defect and whether Mr. Custer was comparatively negligent. Because Georgia law prohibited the allocation of fault to any entity not a party to the action, Fraker, 614 S.E.2d at 97, proof that the employer was negligent was irrelevant to the issues before the district court. See id. The OSHA letter was irrelevant.

15

"OSHA investigations do not consider design defects in machines involved in work place injuries," and the potential to confuse and mislead the jury is evidenced by the closing argument of Terex. In its closing argument, Terex asserted that "OSHA did conduct some sort of investigation there. . . . If there had been a problem with that machine, they would [not] have charged [Mr. Custer's employer] with the responsibility for providing a non-safe place for Mr. Custer to work." The danger of confusion is compounded by the inability of Custer to cross-examine the investigator who prepared the report. See Hines v. Brandon Steel Decks, Inc., 886 F.2d 299, 303 (11th Cir. 1989) (finding "the OSHA investigator stands in a unique position because federal law generally prohibits him or her from testifying in private civil litigation"). The district court abused its discretion when it admitted the OSHA letter.

## IV. CONCLUSION

Because judgment as a matter of law is an inappropriate remedy for an internally inconsistent general verdict, we reverse both the judgment entered by the district court and the denial of the motion for a new trial, and we remand for further proceedings. We affirm the order excluding the safety alert and reverse the order admitting the OSHA letter.

**AFFIRMED in part and REVERSED and REMANDED in part**.