# United States Court of Appeals
## For the First Circuit

No. 09-1663

EDWARD MARTINO,

Plaintiff, Appellant,

v.

FORWARD AIR, INC.,

Defendant, Appellee.

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

[Hon. Richard G. Stearns, U.S. District Judge]

Before

Lynch, Chief Judge,
Souter, Associate Justice,*
and Stahl, Circuit Judge.

Kevin G. Powers with whom Linda Evans and Rodgers, Powers & Schwartz LLP were on brief for appellant.
David C. Casey with whom Amy E. Mendenhall and Littler Mendelson P.C. were on brief for appellee.
Catherine Ziehl, General Counsel/Special Assistant Attorney General, and Beverly Ward, Commission Counsel, were on brief for the Commonwealth of Massachusetts Commission Against Discrimination, amicus curiae.

June 14, 2010

*The Hon. David H. Souter, Associate Justice (Ret.) of the Supreme Court of the United States, sitting by designation.

**STAHL**, **Circuit Judge**. Edward Martino, the plaintiff-appellant, brought a variety of claims against Forward Air alleging that the company did not hire him because of discrimination based on disability. The district court dismissed two of his claims during trial, concluding that the statutes at issue did not provide private rights of action. The jury found in favor of Forward Air, determining that the company had not discriminated based on disability when it decided not to hire Martino.

On appeal, Martino does not contest the jury verdict as to discrimination. He only argues that the district court improperly dismissed his claim that Forward Air committed a separate, actionable wrong by making a preemployment inquiry regarding his workers' compensation history. Martino brought this "illegal inquiry" claim under both the Massachusetts Fair Employment Practices Act, Mass. Gen. Laws ch. 151B, § 4(16), and the Americans with Disabilities Act (ADA), 42 U.S.C. § 12112(d)(2). The district court dismissed both claims but Martino only appeals the dismissal of the state law claim.

We review the grant of a motion to dismiss de novo. See Centro Medico del Turabo, Inc. v. Feliciano de Melecio, 406 F.3d 1, 5 (1st Cir. 2005). In order to survive a motion to dismiss, a complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." SEC v. Tambone, 597 F.3d 436, 444 (1st Cir. 2010) (en banc)

-2-

(quoting Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009)) (internal quotation marks omitted). We accept as true all well-pleaded facts in the complaint and make all reasonable inferences in plaintiff's favor. See Airframe Sys., Inc. v. Raytheon Co., 601 F.3d 9, 11 (1st Cir. 2010).

In this case, we do not reach the question of whether the Massachusetts statute provides an independent cause of action for preemployment inquiries regarding disability. Rather, because the jury already concluded that Martino suffered no discriminatory harm and he has alleged no other cognizable harm, we conclude that, even if we assume that a private cause of action is available, Martino's claim would necessarily fail.

The facts of the case are straightforward. Edward Martino had long worked in the freight forwarding industry. In 2003 he was seriously injured on the job. As a result, he was out of work for two years and received a workers' compensation settlement. In 2005, having heard that Forward Air was considering creating a new position for which he might be qualified, Martino submitted an employment application and signed a background check authorization form. During his interview, when asked about his two-year employment gap, Martino stated that he had been out on workers' compensation leave while recovering from his injuries. In response, the Forward Air manager conducting the interview asked that Martino provide a doctor's note stating that he was cleared to

-3-

return to work. The manager also informed Martino that he was unsure whether he would create the new position but would remain in contact with Martino. The manager submitted a background check request to a company called Pre-employ.com,[1] and specifically requested information regarding Martino's workers' compensation history.[2] A few months later, according to Forward Air, the company decided not to create the new position for business reasons, and so informed Martino. At trial, Martino alleged that the manager told him (and, at another point, also told Martino's wife, who works in the same industry) that the background check revealed that Martino had a workers' compensation history, that hiring him would cause the company's insurance rates to rise, and that he would therefore be a "liability" for Forward Air.

Martino brought a variety of discrimination claims against Forward Air under both state and federal law. During trial, the district court, in an oral order, dismissed Martino's claims that Forward Air's preemployment inquiry regarding Martino's workers' compensation history constituted independent, actionable violations of Massachusetts and federal law (respectively, Mass. Gen. Laws ch. 151B, § 4(16) and 42 U.S.C. § 12112(d)(2)). The

---

[1]Martino originally named Pre-employ.com as a defendant in this action but the parties entered into a stipulation of dismissal of those claims before trial.

[2]Forward Air argued at trial that it sought the workers' compensation history in order to confirm that Martino's explanation of the cause of his two-year gap was truthful.

district court's reason for dismissing these "illegal inquiry" claims was as follows:

> [I]t is my view that both the federal and state law ban discrimination, and that an improper [workers'] compensation inquiry is one way that you can prove there was a discriminatory intent. I do not think it is a freestanding cause of action, because I cannot find anything in the statute itself that specifically ties damages to that act itself, although I agree, as I instructed the jury that it is relevant to their consideration of whether there was, in fact, discriminatory conduct.

Following dismissal of the illegal inquiry claims, the jury was tasked with deciding whether Forward Air discriminated against Martino based on disability. The judge instructed the jury that it was free to consider the alleged inquiry into Martino's workers' compensation history as proof of discriminatory animus. The jury returned a verdict favorable to Forward Air, finding that it did not discriminate. Presumably the jury believed Forward Air's explanation that it chose not create the new position for business reasons alone.

As previously stated, Martino only appeals the district court's dismissal of his illegal inquiry claim brought under the state statute, which reads as follows:

> It shall be an unlawful practice:
>
> 16. For any employer, personally or through an agent, to dismiss from employment or refuse to hire, rehire or advance in employment or otherwise discriminate against, because of his handicap, any person alleging to be a qualified handicapped

person, capable of performing the essential functions of the position involved with reasonable accommodation, unless the employer can demonstrate that the accommodation required to be made to the physical or mental limitations of the person would impose an undue hardship to the employer's business. For purposes of this subsection, the word employer shall include an agency which employs individuals directly for the purpose of furnishing part-time or temporary help to others.

In determining whether an accommodation would impose an undue hardship on the conduct of the employer's business, factors to be considered include:--

(1) the overall size of the employer's business with respect to the number of employees, number and type of facilities, and size of budget or available assets;
(2) the type of the employer's operation, including the composition and structure of the employer's workforce; and
(3) the nature and cost of the accommodation needed. Physical or mental job qualification requirement with respect to hiring, promotion, demotion or dismissal from employment or any other change in employment status or responsibilities shall be functionally related to the specific job or jobs for which the individual is being considered and shall be consistent with the safe and lawful performance of the job.

An employer may not make preemployment inquiry of an applicant as to whether the applicant is a handicapped individual or as to the nature or severity of the handicap, except that an employer may condition an offer of employment on the results of a medical examination conducted solely for the purpose of determining whether the employee, with reasonable accommodation, is capable of performing the essential functions of the job, and an employer may invite applicants to voluntarily disclose their handicap for purposes of assisting the employer in its affirmative action efforts.

Mass. Gen. Laws ch. 151B, § 4(16) (emphasis added).

The parties and amicus curiae, the Massachusetts Commission Against Discrimination (MCAD), dispute whether this statute provides a private right of action on the basis of an illegal inquiry alone. We are sympathetic to the district court's conclusion that the statute's plain language does not provide such a cause of action because the statute makes discrimination based on disability an "unlawful practice," but does not do the same for the paragraph discussing preemployment inquiries. On the other hand, the MCAD argues that the illegal inquiry paragraph applies to the broader class of job "applicants," rather than just the narrower class of "employees" covered by the first paragraph, and therefore permits a cause of action for an illegal preemployment inquiry, even without proof of disability.[3] While there are some differences in the relevant language of the ADA and of Mass. Gen. Laws ch. 151B, § 4(16), the MCAD notes several federal cases which it says supports its position. See, e.g., Harrison v. Benchmark Elecs. Huntsville, Inc., 593 F.3d 1206, 1213-14 (11th Cir. 2010) (interpreting the ADA's illegal inquiry provision, 42 U.S.C. § 12112(d)(2), as applying to the broader class of "applicants" and therefore creating an independent cause of action that does not

---

[3]While the MCAD's interpretation of ch. 151B is entitled to deference, see Sensing v. Outback Steakhouse of Florida, LLC, 575 F.3d 145, 153 (1st Cir. 2009), its views are not dispositive, see, e.g., Mass. Bay Transp. Auth. v. Mass. Comm'n Against Discrimination, 879 N.E.2d 36, 48 (Mass. 2008) (reversing MCAD determination where plain language of statute contradicted the agency's conclusion).

-7-

require proof of disability).  In addition, it is instructive that several circuit courts have concluded that the federal ADA provision, § 12112(d)(2), does indeed provide a separate cause of action irrespective of the plaintiff's disability status.[4]  See Harrison, 593 F.3d at 1214; Murdock v. Washington, 193 F.3d 510, 512 (7th Cir. 1999); Fredenburg v. Contra Costa County Dep't of Health Servs., 172 F.3d 1176, 1182 (9th Cir. 1999); Griffin v. Steeltek, Inc. ("Griffin I"), 160 F.3d 591, 594 (10th Cir. 1998).

But here we need not decide whether there is indeed a cause of action under the Massachusetts statute because, even assuming such a claim were permitted, there is no doubt that a plaintiff would need to show proof of injury caused by the illegal questioning in order to recover damages.  See Davis v. Passman, 442 U.S. 228, 239 (1979) (noting that a "cause of action is a question of whether a particular plaintiff is a member of the class of litigants that may, as a matter of law, appropriately invoke the power of the court; and relief is a question of the various remedies a federal court may make available").  Every circuit court to consider illegal inquiry claims under the parallel federal statute, 42 U.S.C. § 12122(d)(2), has concluded that proof of

_____

[4]"Chapter 151B is considered the 'Massachusetts analogue' to the federal Americans with Disabilities Act." Sensing, 575 F.3d at 153.  As a result, "[t]he Supreme Judicial Court of Massachusetts has indicated that federal case law construing the ADA should be followed in interpreting the Massachusetts disability law." Ward v. Mass. Health Research Inst., 209 F.3d 29, 33 n.2 (1st Cir. 2000).

actual harm is required for recovery.  See Griffin v. Steeltek, Inc. ("Griffin II"), 261 F.3d 1026, 1028-29 (10th Cir. 2001); Cossette v. Minn. Power & Light, 188 F.3d 964, 971-72 (8th Cir. 1999); Armstrong v. Turner Indus., Inc., 141 F.3d 554, 561-62 (5th Cir. 1998); see also Tice v. Centre Area Transp. Auth., 247 F.3d 506, 519 (3d Cir. 2001) (requiring "prejudice" showing to sustain a claim under 42 U.S.C. §12112(d)(3) regarding confidentiality of medical records).  In addition, the MCAD agrees that the Massachusetts statute does not permit individual recovery for a "technical violation" of § 14(6), i.e. merely asking preemployment questions about disability, but instead requires a showing of "some resulting harm."[5]

Martino alleged that he suffered various injuries due to the supposedly improper inquiry into his workers' compensation history.  The most important of these was that he was allegedly denied employment on the basis of the disability information uncovered by the preemployment background check.  But the jury concluded that Forward Air did not discriminate but rather had a legitimate business reason for deciding not to create the new position.  The jury's conclusion means that Martino cannot prove the most obvious type of harm -- a wrongful employment action.

---

[5]MCAD further asserts that "at a minimum, a plaintiff must allege and establish that he or she is qualified for a position, that the employer made an unlawful inquiry, and that an injury in fact or adverse action was caused by the unlawful inquiry."

Martino also alleged in his complaint that he suffered emotional harm because of Forward Air's preemployment inquiry. The argument Martino made to the jury was that he was emotionally harmed by the "stress" caused by realizing that "a company could have an online check of him just by pressing a couple of buttons." This alleged generalized fear of the loss of anonymity caused by the ubiquity of personal information available online is not logically related to any action taken by Forward Air and is far too tenuous to support recovery. Finally, on appeal, Martino for the first time argues that he suffered an invasion of privacy because of the inquiry. Because he failed to raise this allegation below, Martino has waived invasion of privacy as a potential ground for recovery.[6] See, e.g., Ondine Shipping Corp. v. Cataldo, 24 F.3d 353, 355-56 (1st Cir. 1994). Without any cognizable allegation of harm, Martino's claim necessary fails.[7]

---

[6]Before the district court, Martino brought a breach of privacy claim under Mass. Gen. Laws ch. 214, § 1B, against Pre-employ.com, but did not raise the issue of privacy as against Forward Air.

[7]To the extent that Martino premises the illegal inquiry claim on a request for injunctive relief, we find no abuse of discretion in the district court's denial of his claim. In his complaint he asked that Forward Air be enjoined from sharing his workers' compensation history with other employers in the industry. But Martino's request for injunctive relief is purely speculative; he put forth no evidence suggesting that "the injury or threat of injury [is] both real and immediate, not [merely] conjectural or hypothetical." City of Los Angeles v. Lyons, 461 U.S. 95, 102 (1983) (citations and internal quotation marks omitted); see also Armstrong, 141 F.3d at 563-64. In addition, as to Martino's request for punitive damages, the facts alleged by Martino are not

-10-

Finally, it is worth emphasizing that regardless of whether a private right of action exists, the MCAD retains its authority pursuant to Mass. Gen. Laws ch. 151B, § 5, to seek and enforce remedial measures against employers who make illegal preemployment inquiries regarding disability.[8]

For the foregoing reasons, we **affirm** the district court's dismissal of Martino's state law claim.

**Affirmed**.

---

"even remotely sufficient to approach the type of conduct required to support punitive damages." Armstrong, 141 F.3d at 562 n.21.

[8]As the MCAD noted in its brief, it may order employers to "cease and desist the unlawful activity, undergo training, adopt appropriate policies and pay a civil penalty."