13-1871-cv
Greenberg v. U.S. E.P.A.

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 18th day of March, two thousand fourteen.

PRESENT:
>       BARRINGTON D. PARKER,
>       GERARD E. LYNCH,
>       CHRISTOPHER F. DRONEY,
>           *Circuit Judges*.

_____

BRUCE GREENBERG and ANGELA GREENBERG,

>       *Plaintiffs-Appellants*,

>       v.                                          No. 13-1871-cv

UNITED STATES ENVIRONMENTAL PROTECTION
AGENCY, THE PORT AUTHORITY OF NEW YORK
AND NEW JERSEY, SILVERSTEIN PROPERTIES, INC.,
and BOVIS LEND LEASE LMB, INC. (FKA LEHRER
MCGOVERN BOVIS, INC.),

>       *Defendants-Appellees*.
_____ *

**FOR PLAINTIFFS-APPELLANTS:**       STEVEN K. FRANKEL (Stephen M. Cantor, *on the brief*), Stephen M. Cantor, P.C., New York, New York.

---

\* The Clerk of the Court is directed to amend the official caption to conform to the above.

**FOR DEFENDANT-APPELLEE**
**BOVIS LEND LEASE LMB, INC:**
JAMES E. TYRRELL (Joseph E. Hopkins, Alyson N. Villano, *on the brief*), Patton Boggs LLP, Newark, New Jersey.

Appeal from the judgment of the United States District Court for the Southern District of New York (Alvin K. Hellerstein, *J.*).

**UPON DUE CONSIDERATION, it is hereby ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED.**

Bruce and Angela Greenberg appeal from an April 11, 2013 Memorandum and Order of the United States District Court for the Southern District of New York (Alvin K. Hellerstein, *J.*) granting a motion for summary judgment in favor of defendants and dismissing all of Plaintiffs-Appellants' claims. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues for review.

Greenberg worked as a demolition and debris worker at the World Trade Center ("WTC") site immediately following the destruction of the twin towers on September 11, 2001. He brought this complaint in New York Supreme Court on March 3, 2005 seeking to recover for a number of injuries allegedly suffered as a result of this work.[1] The case was then removed to the Eastern District of New York, and transferred to the Southern District of New York pursuant to the Air Transportation Safety and System Stabilization Act, § 408(b)(3), Pub. L. No. 107-42, 115 Stat. 230 (2001). In response to defendant Bovis Lend Lease LMB, Inc.'s motion for summary judgment, Greenberg limited his claim to two injuries: his claim based on his respiratory ailments and his claim based on sarcoidosis. The district court granted summary judgment for the defendants on these two remaining claims, finding that they were barred by New York's three-

---

[1] Plaintiff-appellant Angela Greenberg is Bruce Greenberg's wife. She brings claims based on the alleged injuries suffered by her husband.

year statute of limitations for actions to recover for personal injury allegedly caused by the exposure to a substance.[2] This appeal followed.

This Court reviews a summary judgment decision *de novo* and applies "the same standards that govern the district court's consideration of the motion." *Kaytor v. Elec. Boat Corp.*, 609 F.3d 537, 546 (2d Cir. 2010). A grant of summary judgment should be affirmed "only where there is no genuine issue of material fact to be tried, and the facts as to which there is no such issue warrant the entry of judgment for the moving party as a matter of law." *Id.* at 545 (citing Fed. R. Civ. P. 56(c)(2)). In making its determinations, we "draw all reasonable inferences in favor of the nonmoving party, and [do] not make credibility determinations or weigh the evidence." *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000).

Upon our *de novo* review of the record, we find that the district court correctly concluded that Greenberg's claim is barred by the statute of limitations. The three-year limitations period under New York law begins to run on "the date of discovery of the injury by the plaintiff or . . . the date when through the exercise of reasonable diligence such injury should have been discovered by the plaintiff, whichever is earlier." N.Y. C.P.L.R. 214-c. The New York Court of Appeals has held that the "reference to 'discovery of the injury' was intended to mean discovery of the condition on which the claim was based and nothing more." *In re N.Y. Cnty. DES Litig.*, 89 N.Y.2d 506, 513 (1997). Courts in New York have accordingly rejected the argument that the limitations period does not begin to run until the plaintiff discovers or reasonably could discover the "nonorganic etiology of th[e] condition," *id.* at 514, or until the condition is diagnosed, *see,*

---

[2] Greenberg originally named six entities as defendants: the United States Environmental Protection Agency, the Port Authority of New York and New Jersey, Silverstein Properties, Inc., Bovis Lend Lease LMB, Inc., the New York City Department of Environmental Protection, and the New York City Department of Health and Mental Hygiene. Greenberg subsequently stipulated to the dismissal of his actions against the New York City Department of Environmental Protection and the New York City Department of Health and Mental Hygiene. The district court decided the motion for summary judgment as it related to the four remaining defendants. The E.P.A. has indicated that Greenberg never perfected service upon it, and it did not participate in the case at either the district court level or before this Court.

*e.g.*, *Galletta v. Stryker Corp.*, 283 F. Supp. 2d 914, 917 (S.D.N.Y. 2003) (under New York law "[t]he three year limitations period runs from the date when plaintiff first noticed symptoms, rather than when a physician first diagnosed those symptoms"). The New York Court of Appeals has indicated, however, that "there may be situations in which the claimant may experience early symptoms that are too isolated or inconsequential to trigger the running of the Statute of Limitations." *In Re N.Y. Cnty. DES Litig.*, 89 N.Y.2d at 514 n.4.

Greenberg contends that, although he began suffering from respiratory problems shortly after he started working at the WTC site, these symptoms were "too isolated or inconsequential" to trigger the three-year limitations period. His deposition testimony, however, undermines this argument. Greenberg testified that he began "coughing and bringing up all kinds of black stuff" during the weeks he was working at the WTC site. As an immediate reaction to the air at the WTC site, this might be inadequate to trigger the running of the statute of limitations. Here, however, Greenberg stated that his respiratory symptoms persisted long after he ceased his work at the WTC site in October of 2001. Greenberg's own medical expert, Dr. Gwen S. Skloot, admitted that, "[b]y his own report, [Greenberg's] respiratory symptoms began 10 days after his initial exposure at the WTC disaster site," and that "[h]e continues to have frequent wheezing, chest tightness, chronic cough and shortness of breath." Indeed, Greenberg testified that he visited his doctor shortly after leaving the WTC site, in part because of complaints that he was "coughing" and "choking." The doctor diagnosed Greenberg with a nasal infection and prescribed nasal sprays, but Greenberg testified that, although the sprays ameliorated the cough somewhat, he "always had a cough persisting." This conclusion is reinforced by Greenberg's admission in the amended complaint that he learned of his wheezing and Obstructive Airway Disease injuries in October 2001.

Since Greenberg began suffering from his respiratory ailments shortly after September 11, 2001, and these symptoms, by his own account, persisted long after he left the WTC site and failed to respond to medication that his doctor prescribed, we conclude that Greenberg had notice of his respiratory ailments before March of 2002. Furthermore, because Greenberg's expert testified that Greenberg had sarcoidosis of the lungs, which typically manifests itself in respiratory symptoms such as coughing and difficulty breathing, Greenberg also had notice of his sarcoidosis before March of 2002. Accordingly, Greenberg's claims based on respiratory ailments and sarcoidosis are both barred by New York's three-year statute of limitations.

The judgment of the district court is **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk