UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

Shirley Wood

       v.

U.S. Bank, et al.

Civil No. 1:22-cv-00235-JL
Opinion No. 2023 DNH 008

## **MEMORANDUM ORDER**

Borrower and pro se plaintiff Shirley Wood has filed suit against defendants U.S. Bank and U.S. Bank Home Mortgage[1] (collectively, "U.S. Bank") arising from actions they took, or refused to take, following Wood's failure to pay assessments to her condominium association. Specifically, Wood alleges that U.S. Bank was negligent when it paid those assessments on her behalf and added the amounts it paid to her outstanding unpaid account balance and when it offered her a loan modification based on allegedly inaccurate amounts due. Wood further alleges that U.S. Bank violated truth in lending regulations pertaining to periodic payment processing and violated the Real Estate Settlement Procedures Act's ("RESPA") restrictions on negative credit reporting pending receipt of a qualified written request ("QWR") from a lender.

U.S. Bank moves to dismiss, arguing that Wood's negligence claims fail as a matter of law because its relationship with her is contractual in nature and Wood has not alleged that U.S. Bank undertook duties beyond those of a normal lender or loan servicer.[2] U.S. Bank also argues that Wood's truth in lending regulatory claim fails because its actions complied with, and were authorized by, both the applicable regulation and the mortgage. Finally, U.S. Bank contends that

---

[1] "U.S. Bank Home Mortgage" is a trade name and not a separate legal entity.

[2] See doc. no. 16.

Wood fails to state a RESPA claim because her letters to the bank were not QWRs, it responded to prior, duplicate letters and suspended credit reporting for seven months, and Wood has not alleged that she suffered any damages as a result of this purported RESPA violation.

The court has jurisdiction over this matter under 28 U.S.C. §§ 1331 (federal question) because some of the plaintiff's claims arise from federal statutes. This court also has jurisdiction under 28 U.S.C. § 1332 (diversity) because the parties are citizens of different states and the amount in controversy exceeds $75,000. After considering the parties' submissions and hearing oral argument, the court grants the motion in part. Even after accepting Wood's allegations as true and generously construing the complaint in her favor, she has not alleged facts that give rise to an independent tort duty of care outside the terms of the parties' contract. As a result, she fails to state a negligence claim. Moreover, the facts as alleged cannot state a claim for violation of the periodic and partial payment sections of federal truth in lending regulations. The court, however, denies U.S. Bank's motion to dismiss Wood's RESPA claim and grants her leave to amend that claim to add supporting allegations.

I.      **Applicable legal standard**

To defeat a Rule 12(b)(6) motion, Wood must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Martinez v. Petrenko, 792 F.3d 173, 179 (1st Cir. 2015). This standard "demands that a party do more than suggest in conclusory terms the existence of questions of fact about the elements of a claim." A.G. ex rel. Maddox v. Elsevier, Inc., 732 F.3d 77, 81 (1st Cir. 2013). In ruling on such a motion, the court accepts as true all well-pleaded facts set forth in the complaint and draws all reasonable inferences in the plaintiff's favor. See Martino v. Forward Air, Inc., 609 F.3d 1, 2 (1st Cir. 2010). The court may consider judicially noticed documents, matters of public record

(like recorded mortgages and related documents), and documents introduced by the plaintiff in her objection to the motion to dismiss or concessions in that objection, without converting the 12(b)(6) motion into a motion for summary judgment.  See Breiding v. Eversource Energy, 939 F.3d 47, 49 (1st Cir. 2019); Greene v. Rhode Island, 398 F.3d 45, 49 (1st Cir. 2005).  It may also "consider the relevant entirety of a document integral to or explicitly relied upon in the complaint, even though not attached to the complaint, without converting the motion."  Clorox Co. P.R. v. Proctor & Gamble Commercial Co., 228 F.3d 24, 32 (1st Cir. 2000).

Because Wood is proceeding pro se, the court construes her complaint liberally.  See Erikson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam) (internal citations omitted) ("a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers").  Pro se status, however, "does not insulate a party from complying with procedural and substantive law. Even under a liberal construction, the complaint must adequately allege the elements of a claim with the requisite supporting facts."  Chiras v. Associated Credit Servs., Inc., No. 12-10871-TSH, 2012 WL 3025093, at *1 n.1 (D. Mass. July 23, 2012) (quoting Ahmed v. Rosenblatt, 118 F.3d 886, 890 (1st Cir. 1997) (internal citation and quotation marks omitted)).

## II.    **Background**

The court draws the relevant factual background from Wood's complaint, documents referenced therein, and other matters of public record like Wood's mortgage and related documents.[3]

---

[3] See doc. no. 1.  When "a written instrument contradicts allegations in the complaint" which refers to it, however, the written instrument trumps the allegations.  Clorox Co. P.R., 228 F.3d at 32.

In early November 2001, Wood executed a note in favor of Citizens Mortgage Corporation in the amount of $ 95,000.00 (the "Note").[4] At that time, Wood also granted a mortgage to Citizens (the "Mortgage") on the property located at 21 Granite Ridge, Belmont, New Hampshire (the "Property").[5] The Mortgage is recorded in the Belknap County Registry of Deeds.[6] The following March, Citizens assigned the Mortgage to Mortgage Electronic Registration Systems, Inc. ("MERS") and recorded the assignment with the Belknap County Registry of Deeds.[7] In April 2012, MERS assigned the Mortgage to U.S. Bank and recorded this assignment.[8]

Wood's Property is located in a condominium community that is managed by a homeowner's association. In 2012, the HOA for Wood's community filed a lawsuit against her to collect past due common charges. Wood challenged the charges in court but lost. The HOA obtained judgment and later scheduled a foreclosure auction on the lien. U.S. Bank, as the mortgagee with an interest in the Property, received demand notices for payment of the judgment in January 2020.[9] U.S. Bank made the payments pursuant to the Mortgage's Condominium

---

[4] See doc. no. 16-2.

[5] Id.

[6] Id.

[7] Id.

[8] Id.

[9] See Complaint (doc. no. 1) at 4-5.

Rider.[10]  U.S. Bank continued to make payments to the HOA following Wood's failure to make the required payments herself.[11]  In total, U.S. Bank has paid $61,682.75 to the HOA.

Under the terms of the Mortgage, U.S. Bank assessed these funds to Wood's escrow account and they became part of her debt owed.[12]  The bank then recalculated Wood's monthly payment to account for the HOA fee advances, resulting in an increase of that payment from $863.76 to $4,980.13.[13]  Wood informed the bank that she could not afford the recalculated monthly payment, and the bank in turn reduced her payment to $1,921.04 per month.[14]  Wood has failed to pay the full amount owed each month.  In July 2021, the bank offered Wood a loan modification, which she rejected.[15]

In January and February 2022, U.S. Bank advised Wood that she was in default and provided a notice to cure the default.[16]  Wood failed to cure the default, and U.S. Bank proceeded with the foreclosure process, but cancelled the scheduled foreclosure sale date and has not rescheduled it.[17]

Wood filed this lawsuit against U.S. Bank in late-June 2022.  Liberally construed, Wood's complaint asserts the following causes of action: (1) Negligence, namely, that U.S. Bank

---

[10] Doc. no. 16-2, Condo. Rider ¶ F.

[11] Doc. no. 1 at 5.

[12] Id. at 5-6.

[13] Id. at 6.

[14] Id.

[15] Id. at 17, 19.

[16] Id. at 7.

[17] Id.; see also doc. no. 16-1, n. 4.

"accepted and paid requests for alleged [condominium] dues, without care" between January 2020 and August 2021, totaling $57,797.71; (2) Violation of Regulation Z of the Truth in Lending Act's regulations, 12 C.F.R. § 1026.36(c); (3) Violations of the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2605(e)(3); and (4) Negligence, arising out of U.S. Bank's loan modification offer.

### III.  Analysis

U.S. Bank moves to dismiss on two grounds – failure to conform with Rule 8(a)'s "short and plain statement" requirement and failure to state a claim upon which relief can be granted under Rule 12(b)(6).  The court addresses each basis in turn.

#### A.  Rule 8

Federal Rule of Civil Procedure 8(a)(2) requires that a complaint contain, among other things, "a short and plain statement of the claim" showing that the pleader is entitled to relief. Fed. R. Civ. P. 8(a)(2).  The court may dismiss a complaint if the plaintiff fails to comply with Rule 8(a)(2).  See Kuehl v. FDIC, 8 F.3d 905, 908 (1st Cir. 1993).  While Wood's complaint is detailed and does not include separately numbered paragraphs for each factual allegation, it is not "unnecessarily lengthy, repetitive, convoluted, or otherwise difficult to comprehend" and thus not subject to dismissal under Rule 8.  Chalifoux v. Chalifoux, No. 14-CV-136-SM, 2014 WL 1681626, at *1 (D.N.H. Apr. 25, 2014) (McAuliffe, J.).  Indeed, U.S. Bank had little trouble deciphering Wood's causes of action (which are separately identified in the complaint) and supporting allegations in preparing its motion to dismiss.  U.S. Bank's motion to dismiss under Rule 8 is accordingly denied.

## B.    Rule 12(b)(6)

### 1.    Negligence claims

Beginning with Wood's negligence-based claims, U.S. Bank primarily argues that because the relationship between Wood, as borrower, and U.S. Bank, as lender, is contractual, Wood has failed to allege facts that would give rise to a duty in tort. The court agrees with U.S. Bank.

Under New Hampshire law, the relationship between a lender and borrower is contractual in nature. See Ahrendt v. Granite Bank, 144 N.H. 308, 311 (1999). Moreover, the existence of such a contractual relationship typically prohibits recovery in tort. See Wyle v. Lees, 162 N.H. 406, 409–10 (2011). Under certain circumstances, however, a contracting party may be "owed an independent duty of care outside the terms of the contract." Id. at 410. For example, a "lender owes a borrower a duty not to disburse its loan funds without authorization." Moore v. Mortg. Elec. Registration Sys., Inc., 848 F. Supp. 2d 107, 133 (D.N.H. 2012) (citing Lash v. Cheshire Cnty. Sav. Bank, Inc., 124 N.H. 435, 438–39 (1984)). Moreover, a mortgagee, in its role as seller at a foreclosure sale, owes a duty to the mortgagor "to obtain a fair and reasonable price under the circumstances." Murphy v. Fin. Dev. Corp., 126 N.H. 536, 541 (1985).

To claim such a duty, "[t]he burden is on the borrower, seeking to impose liability, to prove the lender's voluntary assumption of activities beyond those traditionally associated with the normal role of a money lender." Seymour v. N.H. Sav. Bank, 131 N.H. 753, 759 (1989); see also Moore, 848 F. Supp. 2d at 133. In support of her negligence claims, Wood has failed to allege that U.S. Bank assumed activities beyond those normally associated with a money lender. The court therefore must dismiss those claims for lack of duty.

7

As for the negligence claim arising from U.S. Bank's payment of HOA dues or fees (Count 1), this claim fails because Wood alleges that U.S. Bank acted "without proper attention to duties and responsibilities which are normally assumed by servicers of loans," and nothing more. The court cannot find that U.S. Bank owed Wood an independent duty of care outside of the mortgage based on this allegation. Moreover, in paying overdue HOA dues or fees on Wood's behalf, and applying those amounts to Wood's unpaid balance under her mortgage, U.S. Bank appears to have acted consistently with the terms of the mortgage and its condominium rider.

Turning to Wood's negligence claim arising from U.S. Bank's July 2021 loan modification offer (Count 4), this too alleges activities normally associated with normal money lender roles and cannot support a negligence claim. U.S. Bank was not obligated to offer Wood a loan modification and she did not have the right to incorporate new terms – to which U.S. Bank did not agree – into a binding acceptance. Moreover, it appears that – contrary to Wood's complaint – the amounts in the loan modification offer were correct. Wood nevertheless exercised her right to reject the offer and did not make a counteroffer. Thus, to the extent the court could liberally construe this as a tort claim, Wood has failed to allege that she was at all damaged by U.S. Bank's loan modification conduct. See Christen v. Fiesta Shows, Inc., 170 N.H. 372, 375 (2017) ("To recover for negligence, a plaintiff must show that the defendant owes a duty to the plaintiff and that the defendant's breach of that duty caused the plaintiff's injuries.").

Finally, Wood alleges that U.S. Bank's proposed modification violated "Fannie Mae Servicing Guide" sections F-1-27 (eff. 6/9/2021) and D2-3.2-07 (eff. 9/9/2020).[18] Wood does not explain Fannie Mae's role in the case, however, to the extent she is claiming third party beneficiary status under some contract between U.S. Bank and Fannie Mae, that claim fails as well. Wood has alleged no facts that would entitle her to third party beneficiary status under any contract between Fannie Mae and U.S. Bank and therefore cannot state a third-party beneficiary claim against U.S. Bank. U.S. Bank's motion to dismiss Wood's negligence claims are granted.

### 2. Statutory or regulatory claims

**Truth in lending regulations**. Wood contends that U.S. Bank violated Truth in Lending Regulation Z in two ways: (1) by failing to place amounts the bank paid to the HOA for delinquent condominium assessments into a separate account until she could challenge the assessment amounts in a suit against the HOA; and (2) by placing Wood's alleged "periodic payments" in a suspense account rather than applying them to the unpaid balance of her loan account. Wood argues that had the bank taken these steps, her account would have remained current.

The problem for Wood is that the regulation requires neither of those things. The regulation instead provides, in pertinent part, that:

> (1) Payment processing. In connection with a closed-end consumer credit transaction secured by a consumer's principal dwelling:
>
> (i) Periodic payments. No servicer shall fail to credit a periodic payment to the consumer's loan account as of the date of receipt, except when a delay in crediting does not result in any charge to the consumer or in the reporting of negative information to a consumer reporting agency, or except as provided in

---

[18] Wood does not allege that these servicing guidelines supply the standard of care for lenders like U.S. Bank, however, such an argument could not support a negligence claim because loan modification and loan servicing are part of the normal roles of money lenders and cannot give rise to an independent duty in tort.

9

paragraph (c)(1)(iii) of this section. A periodic payment, as used in this paragraph (c), is an amount sufficient to cover principal, interest, and escrow (if applicable) for a given billing cycle. A payment qualifies as a periodic payment even if it does not include amounts required to cover late fees, other fees, or non-escrow payments a servicer has advanced on a consumer's behalf.

12 C.F.R. § 1026.36 (c)(1)(i). Wood's partial payments were not "periodic payments" under this regulation because they were not in an amount "sufficient to cover principal, interest, and escrow . . . for a given billing cycle." U.S. Bank was thus under no obligation to accept them.

Moreover, the regulation entitled U.S. Bank to place Wood's partial payments in a suspense account. Wood also does not allege that the bank failed to provide the required notice or eventually treat the accumulated partial payments as a periodic payment. See 12 C.F.R. § 1026.36 (c)(1)(ii) ("Partial payments. Any servicer that retains a partial payment, meaning any payment less than a periodic payment, in a suspense or unapplied funds account shall: (A) Disclose to the consumer the total amount of funds held in such suspense or unapplied funds account on the periodic statement as required by § 1026.41(d)(3), if a periodic statement is required; and (B) On accumulation of sufficient funds to cover a periodic payment in any suspense or unapplied funds account, treat such funds as a periodic payment received in accordance with paragraph (c)(1)(i) of this section."). Lastly, neither the regulation nor the case law applying it obligate the bank to create a separate account for condominium fees paid by the bank on the lender's behalf (so that the borrower can supposedly challenge those fees in court).

U.S. Bank appears to have complied with both the regulation and the terms of the mortgage. After the bank paid Wood's delinquent condominium fees and assessments on her behalf, it applied the amounts owed to the balance of her loan, resulting in a shortage in her escrow account. The mortgage obligated Wood to repay that shortage. Neither the mortgage nor Regulation Z required U.S. Bank to accept Wood's partial monthly payments that were

10

insufficient to bring the account current. Wood has failed to state a claim for violation of Truth in Lending Regulation Z.

**RESPA**. In Count 3, Wood alleges that U.S. Bank violated RESPA, 12 U.S.C. § 2605(e)(3) by placing negative information in her credit report within the 60-day grace period after receiving a "qualified written request" and by including negative credit information that was more than 7 years old. U.S. Bank argues that the "letters" referenced in, but not attached to, Wood's complaint were not QWRs from a borrower triggering the 60-day reporting grace period. According to U.S. Bank, these letters – sent in March through May 2022 – were duplicative of prior letters that Wood had sent the bank. U.S. Bank responded to the initial letters and suspended credit reporting during the 7-month period when it responded. The bank thus contends that even if the letters qualified as QWRs, it was under no new obligation to respond to the duplicative letters and free to place negative information in Wood's credit reports.

Based on the allegations in the complaint, the court cannot conclude that Wood has failed to allege that she sent QWRs in March, April, and May 2022. The statute and regulations broadly define QWRs as "a written correspondence . . . that (i) includes, or otherwise enables the servicer to identify, the name and account of the borrower; and (ii) includes a statement of the reasons for the belief of the borrower, to the extent applicable, that the account is in error or provides sufficient detail to the servicer regarding other information sought by the borrower." 12 U.S.C. § 2605(e)(1)(B). Without copies of Wood's letters, the court cannot draw the negative inference that they did not qualify as QWRs under this definition.[19]

---

[19] Wood included copies of U.S. Bank's responses to her letters, but not the letters themselves, in an appendix filed with her complaint. See doc. nos. 3 and 3-1.

The court also hesitates to accept U.S. Bank's theory – which has practical appeal but no support in caselaw or other authority – that because it suspended reporting while responding to Wood's prior letters, it did not have to suspend again while it responded to later duplicate letters. In other words, U.S. Bank has provided no authority for the proposition that it does not have to reply anew, and continue to suspend credit reporting while replying, to separate (albeit duplicative) QWRs. The court may consider such an argument at a later procedural posture if properly supported.

U.S. Bank nevertheless identifies another potentially fatal shortcoming of Wood's RESPA claim – she has failed to allege that she suffered any actual damages or is entitled to statutory damages as a result of the bank's alleged RESPA violations. Recognizing this, Wood asks in her objection for an opportunity to amend her claim to "include specific damages and additional facts in support of the allegation under 12 USC §2605 (e)(3)."

Because Wood is proceeding pro se, has not yet amended her complaint, and the case is in a very early procedural posture, the court grants Wood leave to amend her RESPA claim only and will explain the scope of the permitted amendment by separate order. U.S. Bank's motion to dismiss Count 3 is accordingly denied without prejudice.

## IV.   Conclusion

For the reasons set forth above, U.S. Bank's motion to dismiss[20] is GRANTED IN PART and DENIED IN PART. The court grants Wood leave to amend Count 3 as outlined in a separate order to be issued herewith.

---

[20] Doc. no. 16.

**SO ORDERED.**

_____
Joseph N. Laplante
United States District Judge

Dated: January 26, 2023

cc:     Susan M. Wood, pro se
        Daron L. Janis, Esq.
        Stephanie Sprague, Esq.
        Tara L. Trifon, Esq.

13